WILLIAM POWERS, MAUDIE SMITH, LILLIE DUNAWAY, DEWEY LEATH, VIRGIE JONES, AND BENNIE WALRAVEN, APPELLANTS, V. GRAND LODGE OF ANCIENT, FREE AND ACCEPTED MASONS OF THE STATE OF MISSOURI, A CORPORATIÓN, THE MASONIC HOME OF MISSOURI, A CORPORATION, THE GRAND LODGE OF INDEPENDENT ORDER OF ODD-FELLOWS, OF THE STATE OF MISSOURI, RESPONDENTS.—146 S. W. (2d) 895.

Springfield Court of Appeals.  December 31, 1940.

Rehearing denied January 27, 1941.

*Zal B. Harrison* and *Hal H. McHaney* for appellants.

8

*J. M. Haw* and *James Haw* for respondents.

SMITH, J.—This cause was commenced on May 20, 1938, by filing petition in the office of the Clerk of the Circuit Court of Mississippi County, Missouri. Process was duly issued and served, and said cause was returnable to the July Term, 1938, of the Circuit Court of Mississippi County.

Thereafter, upon application of plaintiffs, change of venue was granted to the Circuit Court of New Madrid County.

Thereafter, defendants filed motion for security for costs. Whereupon defendants made application and were granted permission to sue as poor persons.

On September 24, 1938, at the regular September Term, 1939, of the Circuit Court of New Madrid County, plaintiffs filed their amended petition in said cause, said petition, as amended, being in words and figures (caption and signatures omitted) as follows, to-wit.

"Come now the plaintiffs and allege that William Powers is a resident of Mississippi County, Arkansas; that Maudie Smith, Lillie Dunaway, Dewey Leath, Virgie Jones and Bennie Walraven are the sole surviving heirs at law of Clarinda Powers; that plaintiffs Lillie Dunaway, Dewey Leath, Virgie Jones and Bennie Walraven are all residents of Mississippi County, Arkansas; that Maudie Smith is a resident of Pemiscot County, Missouri; that defendant, Grand Lodge of the Ancient Free and Accepted Masons of the State of Missouri is a corporation duly organized and existing under and by virtue of the laws of the State of Missouri relating to benevolent, religious, scientific and educational associations; that the defendant Masonic Home of Missouri is a corporation duly organized and existing under and by virtue of the laws of the State of Missouri relating to benevolent, religious, scientific and educational associations; that the Grand Lodge of Independent Order of Oddfellows of the State of Missouri is a corporation duly organized and existing under and by virtue of the laws of the State of Missouri relating to benevolent, religious, scientific and educational associations; and as such corporations the defendants herein are entitled to sue and be sued in the courts of Missouri; and plaintiffs, for their cause of action against the defendants state that on or about the —— day of March, 1916, J. Logan Busby died testate in the County of Mississippi and State of Missouri; that due proof of his will was made in the Probate Court of Mississippi County, Missouri, and said will was admitted to probate on the 13th day of March, 1916, that O. W. Joslyn of Charleston, Missouri, was appointed as executor of the estate of J. Logan Busby and thereafter duly qualified as such executor. That said last will and testament of J. Logan Busby was in words and figures as follows, to-wit:

" 'I, J. Logan Busby of Mississippi County, Missouri, do make and publish this my last will and testament, hereby revoking all former wills by me made.

" 'First: I direct that my executor hereinafter named, dispose of all personal property which I may own at the time of my death, and that the proceeds arising from said sale and from the Collection of any insurance policies which I may have on my life, be used as follows:

" 'A: I direct that all my just debts of whatever kind be paid.

" 'B: I will and direct that I be buried in the lot now owned by

me in the I. O. O. F. Cemetery and beside my mother, and at the time of my death, should there be no monument erected on said lot, I direct that my executor shall erect a monument of such design as he or they may select, of the best dark grey granite, said monument to cost not less than five hundred ($500.00) dollars and such further sum as my said executor may deem advisable.

" 'C: I direct that my said executor or executors, next pay to my son, Ben F. Busby, the sum of One-Hundred ($100.00) Dollars.

" 'D: Should there be any money left from the same of my personal property, or insurance policies above mentioned, after paying the debts, erecting the monument and paying the specific legacy to my son Ben F. Busby, as above mentioned, I direct my said executor to pay all of said balance upon any debts that I may owe, secured by mortgage on my real estate.

" 'Second: I will and direct that all of my real estate, particularly described as follows, to-wit: The east half of the Southeast quarter and the southwest quarter of the southeast quarter, and that part of the southeast quarter of the southwest quarter which lies east of Black Bayou, all in Section Thirty-one (31), Township Twenty-five (25), Range Sixteen (16), and that part of the Northeast quarter of Section Six (6), Township Twenty-four (24), Range Sixteen (16), which lies north of East Bayou, all in Mississippi County, Missouri. be held and managed by my executor hereinafter mentioned for a term of five (5) years, under the direction of the Probate Court of Mississippi County, Missouri, they to make only annual settlements with said court, after the first year, and I hereby direct my said executor to pay the net proceeds from the rents of my said lands, after paying taxes, cost of management, interest on mortgage debts, and the additional legacy hereinafter given to my son Ben F. Busby, upon the principal of any mortgage which I may then owe; and I hereby expressly direct and empower my said executor to renew, if necessary, any mortgages which may be on my said land at the time of my death to the best advantage of my estate, said renewal to bear not exceeding six percent interest and for a term not longer than five years, and for their services in making said renewal they are to be allowed twenty dollars. It being my will that no part of my real estate be sold unless it becomes necessary to do so to pay the mortgage debts. I will and direct that if in the judgment of my said executor, the net rents will not fully pay off the mortgage debts within five years, then he shall during the last year of said five year period, sell that part of the southeast quarter of the southwest quarter lying east of Black Bayou of Section thirty-one (31), and the southwest quarter of the southeast quarter of said Section thirty-one (31), all in Township Twenty-five (25), Range Sixteen (16), in Mississippi County, Missouri, or so much thereof as may be necessary to pay off all the remaining mortgage debt, first selling the tract first mentioned, the

one next to Black Bayou, so as to leave the farm in more compact condition; and for the purpose aforesaid I hereby direct and empower my said executor, to make said sale by private or public sale as he may think proper, and to execute sufficient deeds of conveyance to the same and to apply the proceeds to the discharge of said mortgage debt.

" 'Third: I hereby direct my executor to pay to my son Ben F. Busby, the sum of one hundred ($100.00) Dollars per annum out of the rents of my real estate, provided there be sufficient to do so after paying interest, insurance, taxes and other necessary expense, if not he is to have whatever may be left, not to exceed one hundred dollars, and in case my said son shall become sick and be in need and distress, he shall pay him such sum as may be necessary to relieve his immediate needs, but in that event, my said executor is to be the sole judge of the necessity and of the amount and from his decision there shall be no appeal.

" 'Fourth: At the expiration of five years from the date of my death, I will, devise and bequeath to John L. Vaughn, all my real estate at time undisposed of, to have and to hold in trust for a term of and during the natural life of my son, Ben F. Busby, and direct that he rent and lease the same, pay all taxes, insurance and necessary repairs, and pay over the net income and rents to my said son Ben F. Busby, to dispose of as he sees fit, and in case of the death of said John L. Vaughn, during the life of my said son, then O. W. Joslyn of Charleston, Mo., is hereby appointed to succeed him as such trustee with the same powers and restrictions, and in the event of the death of said O. W. Joslyn, either before the death of said Vaughn and before the death of my said son, or in case of the refusal of either of said trustees to act, then the presiding Judge of the Circuit Court of Mississippi County, Mo., shall appoint a suitable trustee with the same powers; said trustee shall be required to give a sufficient bond to be approved by said circuit judge, and shall be allowed to retain as compensation out of said rents the sum of fifty dollars per annum for his services; this condition is to apply to the trustee, whether appointed by me herein, or by the circuit judge, and at the time of my son's death, I hereby will and direct the fee simple of all my estate to vest in the Grand Lodges of the Independent Order of Odd-Fellows, and of the Ancient Free and Accepted Masons of the State of Missouri share and share alike, to be by them sold and disposed of and the proceeds placed at interest as an endowment fund for the Orphans home of those two orders: SUBJECT, HOWEVER, TO THE FOLLOWING CHARGES: They shall pay to my nephew William Powers and Niece Clarinda Powers of Near Blytheville, Arkansas, the sum of One Thousand ($1,000) Dollars each and if they be not living at the time to pay the same to their heirs.

" 'Fifth: I hereby appoint John L. Vaughan of Charleston, Mo., as my executor, or in case of his death, inability or refusal to act, O.

W. Joslyn of Charleston, Mo., and in case both of said parties should die or for any reason be unable to act, I direct that the probate court of Mississippi County, Missouri, appoint some suitable person to act in their stead.

" 'In witness whereof I have hereunto set my hand this 12th day of February, 1916.

" 'J. Logan Busby

" 'State of Missouri ⎱ ss.
" 'Mississippi County ⎰

" 'We, James A. Boone and John A. Anderson, do hereby certify that the above and foregoing instrument of writing, consisting of four pages, was signed by the testator, J. Logan Busby, in our presence, and he at the time declared, and published it to be his last will and testament; and we do at this request and in his presence and in the presence of each other, affix our names as witnesses thereto. At Charleston, Missouri, this 12th day of February, A. D. 1916.

" 'John A. Anderson<br>" 'Jas. A. Boone.' "

"Plaintiffs allege and aver that Ben F. Busby named as beneficiary in said will died on or about the —— day of July, 1932, which fact first became known to plaintiffs on —— day of January, 1936.

"Plaintiffs allege and aver that the estate of J. Logan Busby was duly administered in the Probate Court of Mississippi County, Missouri; that all specific bequests in the above mentioned will were paid in full by the said O. W. Joslyn, executor of said estate.

"Plaintiffs allege and aver that at the time of the death of J. Logan Busby there was an encumbrance against the lands owned by the said J. Logan Busby in said will described in favor of Prudential Insurance Company of America in the sum of $7500.00.

"Plaintiffs allege and aver that under the terms and conditions contained in said will O. W. Joslyn, executor and trustee of said estate, made the following payments upon said indebtedness;

"September 16, 1916, interest ..................$  375.00
"March 5, 1917, principal .......................3,000.00
"March 22, 1918, interest .......................  225.00
"June 19, 1919, interest ........................  225.00
"June 19, 1919, principal .......................1,400.00
"March 10, 1920, interest .......................  155.00
"March 12, 1921, interest .......................  155.00
"March 25, 1922, interest .......................  155.00

leaving a balance on said date in the sum of $3100.00.

"Plaintiffs allege and aver that contrary to the provisions contained in said will, the executor and trustee named in said will wholly failed to sell that part of the property owned by the deceased at the time specified in said will or at any other time for the purpose of liquidating and discharging the remaining mortgage debt existing

against said land; that under the terms of said will said executor and trustee was designated to sell that part of the southeast quarter of the southwest quarter lying east of Black Bayou, Section 31, and the southwest quarter of the southeast quarter Section 31, twp. 25 N., R. 16 E., Mississippi County, Missouri, or so much thereof as was necessary to pay the remaining mortgage debt, first selling the tract first mentioned, the one next to Black Bayou, so as to leave the farm in a more compact condition. That under the terms and conditions of said will said executor and trustee was directed to sell said property during the five years subsequent to the decease of said J. Logan Busby, or in the year commencing on the 1st day of March, 1921.

"Plaintiffs further allege that under the terms of said will it was made and provided that the entire residuary estate vest in the Grand Lodges of the Independent Order of Oddfellows and of the Ancient Free and Accepted Masons of Missouri, share and share alike, to be by them sold and disposed of and the proceeds placed at interest as an endowment fund for the orphans homes of those two orders, subject to the following charges: 'They shall pay to my nephew William Powers and niece Clarinda Powers of near Blytheville, Arkansas, the sum of $1,000 each, and if they be not living at the time, to pay the same to their heirs.'

"Plaintiffs allege and aver that William Powers, plaintiff herein, is the same person as William Powers mentioned as beneficiary in the will of the late J. Logan Busby aforesaid; that plaintiffs Maudie Smith, Lillie Dunaway, Dewey Leath, Virgie Jones and Bennie Walraven are the sole surviving heirs-at-law of Clarinda Powers, who died on the —— day of —— intestate in the State of Arkansas. That under the terms and conditions of the last will and testament of J. Logan Busby hereinabove set out plaintiffs herein are the beneficiaries of the charge made and provided for against the lands owned by the said J. Logan Busby at the time of his decease.

"Plaintiffs allege and aver that on or about the —— day of January, 1922, the Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows paid off and discharged the balance then owing upon the indebtedness owing by the estate of J. Logan Busby to the Prudential Insurance Company of America in the sum of $3100.

"Plaintiffs allege and aver that said payment was made by the said Grand Lodge of the Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows for the purpose of satisfying the outstanding mortgage lien against the property devised in fee simple to the said Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows, subject, however, to the charges in favor of plaintiffs hereinabove mentioned and referred to, and with full knowledge on the part of the Grand Lodge of Ancient Free and Accepted Masons and

Grand Lodge of Independent Order of Oddfellows of the charges made and provided for in said will in favor of plaintiffs herein, and the ancestor of some of the plaintiffs, Clarinda Powers.

"Plaintiffs further allege and aver that in so doing Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows elected to pay off and discharge said obligation and encumbrance, and that contrary to the payment and discharge of said obligation, defendants Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows failed to satisfy the deed of trust to the Prudential Insurance Company of America as aforesaid, but, to the contrary, continued to hold said deed of trust until on or about the 17th day of December, 1932, when defendants directed that the deed of trust given by J. Logan Busby to the Prudential Insurance Company of America as aforesaid, be foreclosed by the trustee in said deed of trust named, or his successor. That thereupon said deed of trust, contrary to the rights of these plaintiffs, was allegedly foreclosed and at the foreclosure sale thereunder all of the real estate belonging to the estate of J. Logan Busby aforesaid, and upon which real estate the plaintiffs herein were vested with charges in their favor amounting to the sum of $2,000 as in said will provided, was purportedly sold to the Masonic Home of Missouri, a corporation, and trustee's deed therefor was executed by James A. Boone, Substitute Trustee, which said trustee's deed was dated December 17, 1932, filed for record in the land records of Mississippi County, Missouri, on December 20, 1932, in Book 112 at page 114, for the recited consideration of $1,000.

"Plaintiffs allege that said purported sale was done for the sole purpose of avoiding the payment by defendants Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows of the charges vested in plaintiffs under the terms and conditions of the last will and testament of J. Logan Busby, deceased, in the sum of one thousand dollars in favor of plaintiff William Powers and one thousand dollars in favor of the remaining plaintiffs, sole surviving heirs at law of Clarinda Powers, deceased.

"That since said purported foreclosure sale defendant Masonic Home of Missouri has taken possession of said lands and continued in possession thereof; that said Masonic Home of Missouri at the time of said sale repaid the Grand Lodge of the Independent Order of Oddfellows in full for the monies advanced by the said Grand Lodge of the Independent Order of Oddfellows to the Prudential Insurance Company of America, and since said foreclosure sale has continued to hold the fee simple title in and to said property subject to the charges in favor of these plaintiffs as hereinabove set out, or since said foreclosure sale the defendant Masonic Home of Missouri has continued to hold the title to said property as the owner of

an undivided one-half interest in and to said property and as trustee for an undivided one-half interest in and to said property in favor of defendant Grand Lodge of Independent Order of Oddfellows, but plaintiffs are uncertain which of said state of facts is true, but allege and aver that one or the other of said state of facts is true; that in either event said lands are still subject to the bequests and charges in the last will and testament of J. Logan Busby contained and provided for in favor of these plaintiffs as herein alleged.

"Plaintiffs allege and aver that the lands in question are fertile agricultural lands located in Mississippi County, Missouri, consisting of 180.35 acres, more or less; that said lands are reasonably worth $13,526.25, and on the date of the payment by defendants Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows to the Prudential Insurance Company of America of the balance due on the mortgage as aforesaid to-wit: On March 25, 1922, said lands were reasonably worth $100.00 per acre.

"Plaintiffs allege and aver that on March 5, 1923, defendants Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows collected from O. W. Joslyn, executor and trustee under the last will and testament of J. Logan Busby, deceased, the sum of $348.00; that said defendants were then holding the note paid off and discharged by them formerly held by Prudential Insurance Company of America; that on March 3, 1924, the said O. W. Joslyn made payment to the said Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows in the sum of $442.80; that on the last mentioned date there was then a balance still owing upon the Prudential Insurance Company note as aforesaid in the sum of $2600.55; that since the year 1925 the Masonic Home of Missouri, acting for itself or for itself and as trustee for the Grand Lodge of Independent Order of Oddfellows as hereinabove alleged, has been in possession of all the lands owned by the said J. Logan Busby at the time of his decease, and has been since said date collecting rents upon said lands.

"Plaintiffs allege and aver that the rents and profits collected from said land by defendant Masonic Home of Missouri as aforesaid have long since paid off and discharged the balance due to the Prudential Insurance Company of America as aforesaid.

"Plaintiffs allege and aver that contrary to the provisions and conditions contained in the last will and testament of J. Logan Busby aforesaid, defendants Grand Lodge of Ancient Free and Accepted Masons and Grand Lodge of Independent Order of Oddfellows have never paid off and discharged the charge placed against said land in said last will and testament in favor of plaintiffs as aforesaid. That said sum became owing to plaintiff William Powers and plaintiffs Maudie Smith, Lillie Dunaway, Dewey Leath. Virgie Jones and

Bennie Walraven, or their ancestor Clarinda Powers on —— day of July, 1932; that defendants owe and are indebted to plaintiff William Powers in the sum of One Thousand Dollars with interest at the rate of six per cent per annum from —— day of July, 1932, that defendants owe Maudie Smith, Lillie Dunaway, Dewey Leath, Virgie Jones and Bennie Walraven the sum of One Thousand Dollars with interest from —— day of July, 1932, at the rate of six per cent per annum.

''Plaintiffs allege and aver that they are justly entitled to a lien against the lands owned by J. Logan Busby, deceased, at the time of his death in their favor in the amounts as hereinabove set out; that since the purported foreclosure herein defendant Masonic Home of Missouri has in equity and good conscience held the lands as aforesaid as trustee in favor of these plaintiffs.

''WHEREFORE, the premises considered, plaintiffs pray the court to ascertain and determine the amount due plaintiffs herein; that plaintiff William Powers be decreed entitled to receive out of the property and estate of J. Logan Busby, deceased, the sum of $1,000.00 with interest thereon from —— day of July, 1932, at 6% per annum; that plaintiffs Maudie Smith, Lillie Dunaway, Dewey Leath, Virgie Jones and Bennie Walraven be decreed to be entitled to receive from the property of the estate of J. Logan Busby the sum of $1,000.00 with interest thereon from —— day of July, 1932 at 6% per annum, that it be ordered and decreed that the Masonic Home of Missouri, a corporation, the legal holder of the title in and to the lands belonging to said estate, be decreed to be trustee of said title for the use and benefit of plaintiffs herein until the indebtedness owing to plaintiffs herein be paid off and discharged as decreed; that a lien be declared against the lands hereinabove described in favor of plaintiff William Powers in the sum of the amount found to be due him and in favor of plaintiffs Maudie Smith, Lillie Dunaway, Dewey Leath, Virgie Jones and Bennie Walraven in the sum of the amount found to be due them; and for such other and further relief, both general and special, as the court may seem meet and proper.''

Thereafter, on February 6, 1939, at the regular January Term, 1939 of the Circuit Court of New Madrid County, defendants filed their amended demurrer to the petition of plaintiffs, and said demurrer on said date was duly presented and submitted to the court, which said amended demurrer was in words and figures, caption and signatures omitted, as follows, to-wit:

''Come now the defendants and demur to plaintiffs' petition herein on the following grounds, to-wit:

''1.  Because the petition does not state facts sufficient to constitute a cause of action in favor of plaintiffs and against defendants.

''2.  Because said petition does not state facts sufficient to constitute a cause of action, and that it appears if any they have ac-

crued more than ten years before the commencement of this suit, and has become completely barred by the Statute of Limitations, to-wit, Sections 850 and 861 of the Revised Statutes of Missouri for the year 1929, and more than five years before the commencement of this suit, and has become completely barred by the five year Statute of Limitations, to-wit, Sec. 862 of said statute.

"Wherefore, defendants pray the judgment of the court."

Whereupon, on the same date, the court, having seen and heard said demurrer and the arguments of counsel for the parties, did order and adjudge that said demurrer be sustained. Plaintiffs then and there duly excepted.

Plaintiffs refused to plead further in said cause, and to amend the petition, but declared they would abide by the same.

Whereupon the court, on the same day, to-wit, Monday, February 6, 1939, rendered the following judgment, to-wit:

"Now comes the parties by their attorneys, and the demurrer of the defendants to the petition of the plaintiffs having by the court been seen and heard and by order of the court sustained, and plaintiffs declining to amend the said petition, but declaring that they would abide by the same.

"It is by the court ordered, adjudged and declared that the plaintiffs take nothing by their writ, and that defendants go thereof without delay and recover of the plaintiffs their costs in this behalf expended and have thereof execution."

Motions for new trial and in arrest of judgment were filed and overruled, and affidavit for appeal to the Supreme Court was filed, and an appeal was granted to that court. On October 4, 1940, the Supreme Court made an order transferring the cause to this court.

The case is presented to us under two assignments of error, namely:

"The court erred in sustaining defendants' demurrer to plaintiffs' petition because:

"(a) Said petition states a good cause of action for equitable relief, and

"(b) Plaintiffs' cause of action is not barred by either the ten-year Statute or the five-year Statute of Limitations."

We have quoted the petition in full, which included the will, and without extending this opinion, we hold that the petition does state a good cause of action for equitable relief. In fact, it was stated in the oral argument of this case, as well as in the printed briefs, that the principal contention in the trial court was that the cause was barred by the Statute of Limitations, and that is the principal point relied on here.

The pleaded fact relied on is that plaintiffs' interest in the lands involved herein was subject to the life estate of the testator's son Ben F. Busby, who died on the —— day of July, 1932, five years and ten months before the filing of this suit. The statutes did not begin

to run prior to the death of the life tenant, Ben F. Busby. [Souders v. Kitchens, 344 Mo. 18, 124 S. W. (2d) 1137.]

It is the plaintiffs' contention that this cause of action comes under the ten-year Statute of Limitations as provided by Section 850, or at least by the third clause of Section 861, Missouri Statutes Annotated 1929, pp. 1121 and 1139.

This action is not only for the recovery of a pecuniary judgment against the defendants but it is a suit for the establishment of a trust in favor of the plaintiffs in the real estate belonging to the J. Logan Busby estate, and such trust to continue until plaintiffs' interest in said lands has been paid. As we read the pleadings in this case, it is an action for the establishment of a trust in real estate and if so, it comes within the ten-year Statute of Limitations. [Meyer v. Wise (Mo.); 133 S. W. (2d) 391; Zeitinger v. Annuity Realty Co., 325 Mo. 194, 28 S. W. (2d) 1030; Hunter v. Hunter, 50 Mo. 445; Witcher v. Hanley, 229 Mo. 696, 253 S. W. 1002; Gearhart v. Gearhart et al. (Mo.), 213 S. W. 31.]

The judgment is reversed and the cause remanded with direction to the trial court to reinstate the cause of action for further proceeding thereon. *Tatlow, P. J.,* and *Fulbright, J.,* concur.