## OSAGE INVESTMENT COMPANY v. JOHN J. SIGRIST, Appellant.

Division One, April 6, 1923.

1. **JUDGMENT: Constructive Service: Petition for Review.** A judgment by default, rendered upon constructive service, is, as between the parties, essentially a conditional judgment, and becomes final and absolute only at the expiration of the time limited by the statute, and in the meantime is liable to be opened, on a petition for review, whenever the defendant complies with the statutory formula prescribed by Sections 1532 to 1535, Revised Statutes 1919; and if he brings himself within the provisions of those statutes, his right to have the judgment vacated, in order that he may be afforded an opportunity to make a defense on the merits, is absolute and in no wise dependent upon the discretion of the court.

2. ———: ———: ———: **Sufficient Showing: Statutory Requirements.** In order that a defendant may have a judgment of default rendered on constructive service reviewed, it is only necessary under the statute (Sec. 1532, R. S. 1919) that he appear within the time limited, and by petition for review show good cause for setting it aside; and the petition, explicitly defined (Sec. 1535, R. S. 1919), must be verified by the affidavit of himself or his attorney of record, and must state that he was not summoned or made a party as representative of one who was summoned; that he did not appear to the action; that the petition of the plaintiff, upon which the judgment was rendered, is untrue in some material matter, setting it forth, or that he has and then had a good defense thereto, setting forth such defense, or both. If the petition conforms to these requirements, and the matter with respect to which plaintiff's petition is alleged to be untrue is in fact material, or the defense set forth does in fact constitute a defense to plaintiff's cause of action, it is in and of itself a showing of good cause for setting aside the judgment.

3. ———: ———: ———: **Proof of Allegations.** Whether the plaintiff who files a petition for the review of a default judgment rendered against him upon constructive service was summoned, or was made a party as the representative of one who was summoned, whether he appeared to the suit and whether his petition for review was filed within the time limited by the statute, are all matters of record, and if the statements of his petition with respect to them are untrue they may be contradicted by the record;

but the verity of the allegations of his petition for review that the statements in plaintiff's petition are untrue, and the verity of the alleged matters constituting a defense to the action, is sufficiently established for the purpose of vacating the judgment by such allegations.

4. ———: ———: ———: **Sufficient Allegations: Defenses: Limitations.** The petition for review of a judgment of default rendered on constructive service must clearly and definitely state all the facts constituting the defenses claimed to the action in which the judgment was rendered, in order that the court may see that the proposed defense is not frivolous, but such a one as would defeat the plaintiff's action, in whole or in part, if sustained by proof; but ordinarily there can be no necessity for going further and setting out the evidence by which the defense is intended to be established. Where the suit was one to try title to land, an allegation in the petition for review that defendant had been in exclusive adverse possession for more than ten years is alone a sufficient statement of a defense.

5. **DEEDS: Delivery: Determined by Acknowledgments.** In the absence of other evidence, a deed will be presumed to have been delivered on the date of its acknowledgment. But the presumption is a bare one, and may easily be overcome by circumstances inconsistent with the supposed fact; and where plaintiff and defendant claim title by deeds from a common grantor made about the same time, the court should not rule that the one first acknowledged was the one first delivered, if there is sufficient evidence to overcome the presumption.

Appeal from St. Clair Circuit Court.—*Hon. C. A. Calvird,* Judge.

Rᴇᴠᴇʀsᴇᴅ ᴀɴᴅ ʀᴇᴍᴀɴᴅᴇᴅ.

*George H. English* for appellant.

(1) The trial court erred in holding in effect that the defendant was required to prove his defense upon the petition for review; it should have held that a prima-facie showing of a meritorious defense was sufficient, and this showing was made. 23 Cyc. 963-4; 15 R. C. L. 718; 17 Am. & Eng. Ency. Law (2 Ed.) 846; Tucker v. Ins. Co., 63 Mo. 588; Harkness v. Jarvis, 182 Mo. 231, 241; Parks v. Coyne, 156 Mo. App. 379, 394. (2) The de-

fendant showed a meritorious defense under the Statute of Limitations. Nall v. Conover, 223 Mo. 477; Hunter v. Weil, 222 S. W. 472; Thompson v. Stilwell, 253 Mo. 89. (3) The defendant showed a meritorious defense in respect of the presumption of delivery of the deeds and the court erred in holding that the presumption was in favor of the prior delivery of the deed acknowledged first; the court should have held that the presumption was that the deed dated and recorded first was delivered first; particularly in view of the facts and circumstances disclosed from the deeds relating to the same transaction. Miles v. Robertson, 258 Mo. 717, 724; Chambers v. Chambers, 227 Mo. 262, 282; Fontaine v. Bank, 57 Mo. 552; 1 Devlin on Deeds (3 Ed.) p. 260; In re Brigham's Estate, 144 Iowa, 71; Crabtree v. Crabtree, 136 Iowa, 430, 111 N. W. 922; Loomis v. Pingree, 43 Me. 299; McCullough v. Day, 43 Mich. 554.

*Waldo P. Johnson* and *Hargus & Johnson* for respondent.

(1) A quit-claim deed passes only such interest as the grantor then has and passes no title afterward acquired. Smith v. Washington, 88 Mo. 475; Kimmel v. Benna, 70 Mo. 52; Butcher v. Rogers, 60 Mo. 138. (2) A deed takes effect from the time of delivery and acceptance. Hall v. Hall, 107 Mo. 101; Standiford v. Standiford, 97 Mo. 231; Powell v. Banks, 146 Mo. 620. (3) The delivery of a deed is presumed to have been made on the date of acknowledgment if this be later than the date of deed. Fontaine v. Boatmens Sav. Inv., 57 Mo. 552, 561; Crabtree v. Crabtree, 136 Iowa, 430, 15 A. & E. Ann. Cas. 149; Hammerslough & Cheatham, 84 Mo. 13, 20; Zerbe v. Ry. Co., 80 Mo. App. 414; Gerardi v. Christie, 148 Mo. App. 75; Paving Co. v. Field, 174 Mo. App. 11; Tiedeman on Real Property (3 Ed.), sec. 576; 13 Cyc. 731; Daughdrill v. Lockhart, 181 Ala. 338; Tucker v. Glew, 185 Iowa, 231; Wolverton v. Collins, 34 Iowa, 238; Johnson v. Moore, 28 Mich. 2; Windon v.

Schuppel, 39 Minn. 35; Benson v. Wolverton, 15 N. J. Eq. 158; Hulse v. Bacon, 167 N. Y. 599; State v. Dana, 59 Wash. 30, 109 Pac. 191; Wheeler v. Single, 62 Wis. 380; Miller v. Peter, 158 Mich. 336; Harriman v. Hilton, 121 Tenn. 308, 120 S. W. 162; Kichner v. Jehlip, 85 Kan. 684, 118 Pac. 1058; Henderson v. Ballenon, 8 Md. 352; Blanchard v. Tyler, 12 Mich. 339; Clark v. Akes, 10 Kan. 166. (4) Defendant's petition for review was not filed in time. R. S. 1919, sec. 1978. There is no evidence sustaining a defense of adverse possession. Huston v. Graves, 213 S. W. 77; Jeffers v. Johnson, 175 S. W. 581; Lumber Co. v. McCabe, 220 Mo. 154; Herbst v. Merrifield, 133 Mo. 267.

RAGLAND, J.—This is an appeal from an order of the Circuit Court for St. Clair County, refusing to set aside, on a petition for review, a default judgment previously rendered by it on constructive service. The judgment sought to be vacated was rendered March 15, 1918. The petition for review was filed March 20, 1920; after averring that the petitioner had not been summoned and had not previous to that time appeared to the suit, it proceeded as follows:

". "Your petitioner further says that plaintiff's petition is untrue in a material matter and that he has a good defense to the plaintiff's suit, all as hereinafter set forth.

"That plaintiff's petition sets forth an action to try, ascertain and determine the interest and title of plaintiff and defendant respectively in and to the land hereinbefore described and to divest the defendant of all right, title, interest and estate of and to the same.

"Said petition avers that plaintiff is the owner in fee simple of said land, which averment is untrue.

"Your petitioner says that his defenses to said action are:

"First. That on the 23rd day of September, 1904, one George W. Bush, then being the owner in fee simple of said land, did, by good and sufficient warranty deed of said date, duly acknowledged and recorded, convey to your petitioner said lands.

"Second.   That your petitioner and those under whom he claims have been in the actual, open, hostile, exclusive, continuous and adverse possession of said lands, under claim of ownership thereto for more than ten years last past and for more than ten years prior to the filing of plaintiff's petition herein; and that neither plaintiff nor its predecessors, grantors nor any other person under whom it claims was seized or possessed of the premises in question within ten years of the commencement of plaintiff's petition.

"Third:   That as appears from the decree of the court herein, plaintiff's claim of title to said land is based as follows:  That Johnson Land Company, a corporation, by deed dated and acknowledged December 6, 1893, conveyed said land to Aubrey L. Wisker, who, by quit-claim deed dated November 11, 1893, and acknowledged December 7, 1893, conveyed said land to Johnson Land Company; and that plaintiff claims by virtue of a subsequent conveyance to it by Johnson Land Company; that the conveyances between Johnson Land Company and Aubrey L. Wisker will be presumed to have taken place on the dates of the acknowledgments of the same and not before.  But your petitioner says and shows to the court, as a defense to said claim, that prior to said December 6, 1893, the title to said land had been vested as follows:  three-sevenths in the heirs and devisees of one Charlotte Annie Wisker, deceased, and four-sevenths in Johnson Land Company; that the aforesaid conveyance of Aubrey L. Wisker to Johnson Land Company was joined in by numerous other parties, who, with said Aubrey L. Wisker, were heirs at law or devisees of said Charlotte Annie Wisker, deceased; that said conveyance was acknowldged by said Aubrey L. Wisker with some of the other grantors therein, in the County of Pettis, State of Missouri, and by other of said grantors in the city of St. Louis, Missouri; that the deed of Johnson Land Company to Aubrey L. Wisker was acknowledged in the County of Jackson, State of Missouri; that the deed from said Wisker heirs and devisees to Johnson Land Com-

pany was dated November 1, 1893, and was recorded December 14, 1893, while the deed from Johnson Land Company to Aubrey L. Wisker was dated December 6, 1893, and recorded December 27, 1893. Your petitioner therefore says that by virtue of the nature of the transaction, the diversity of the places of acknowledgment, the dates of the instruments and the dates of the record of the same and the circumstances of the parties appearing on the face of said instruments there is no presumption in law that said conveyances were delivered on the dates of their acknowledgments. But, on the contrary, your petitioner says that if any presumption of the date of delivery of said deeds exists, such presumption is that the deed of Johnson Land Company to Aubrey L. Wisker was delivered and took effect subsequent to the conveyance of said Wisker heirs and devisees to said Johnson Land Company.

"Fourth. As a fourth and further defense to plaintiff's claim to said land and its cause of action herein, your petitioner says that said conveyance of Johnson Land Company to Aubrey L. Wisker was intended to and did divest Johnson Land Company of all right, title and interest in and to said land and did invest the same in Aubrey L. Wisker; and that plaintiff, claiming by, through and under said Johnson Land Company has not and had not at the time of the commencement of this action, any right, title or interest in said lands.

"Wherefore your petitioner prays the court to set aside final judgment and to grant him leave to answer and defend said suit, upon such terms and conditions as are prescribed by law and are just and equitable, and for his costs."

The petition was duly verified by the affidavit of the defendant, Sigrist.

Plaintiff filed answer admitting the rendition of the judgment, but denying in effect the other allegations of the petition for review. The circuit court seems to have held that it was necessary for defendant to establish by proof a prima-facie case with respect to the defense set

forth in his petition. In any event it heard evidence *pro* and *con* offered by the parties with reference thereto, and at the conclusion of such hearing made a finding: "That plaintiff's petition is not untrue in any material matter, but is true; and the defendant has not shown that he has or had at the time of the rendition of the judgment, a good defense to plaintiff's petition."

I. This proceeding is governed entirely by statute, Sections 1532-1535, Revised Statutes 1919. If the defendant has brought himself within its provisions his right to have the judgment vacated, in order that he be

·Right to Review: Sufficient Petition.

afforded an opportunity to make a defense on the merits, is absolute and in no wise dependent upon the discretion of the court. [Gray v. Lawlor, 151 Cal. 352, 12 Ann. Cas. p. 992, note.]
In fact a judgment by default, rendered upon constructive service, is, as between the parties, essentially a conditional judgment, one which becomes final and absolute only .at the expiration of the time limited by the statute, and which in the meantime is liable to be opened whenever the defendant complies with the statutory formula. [Albright v. Warkentin, 31 Kan. 442, 445.]

In order to avail himself of the relief afforded by the statute it is only necessary under Section 1532 that defendant, within the time limited, "appear, and by petition for review, show good cause for setting aside such judgment." The "petition for review" required by that section is explicitly defined by Section 1535: It must be verified by the affidavit of defendant or by his attorney of record; and it must state that defendant was not summoned, nor made a party as representative of one who was summoned; that he did not appear to the action; and that the petition of the plaintiff, upon which such judgment was rendered, "is untrue in some material matter, setting it forth, or that he has and then had a good defense thereto, setting forth such defense, or both." If the petition conforms to these requirements it is in and of itself a showing of good cause for setting aside

298 Mo.—10

such a judgment, provided the matter with respect to which the plaintiff's petition is alleged to be untrue is in fact material, or the defense set forth does in fact constitute a good defense to plaintiff's cause of action. Whether plaintiff was summoned, or was made a party as the representative of one who was summoned, whether he appeared to the suit and whether his petition for review was filed within the time limited by the statute, are all matters of record, and if the statements of the petition for review are untrue with respect to these, they may be contradicted by the record; but as to the verity of the statements with reference to the untruth of the allegations of plaintiff's petition and the matters constituting a defense to the action, the petition is conclusive for the purpose of showing good cause for vacating the judgment. The statute does not contemplate that there shall be two trials on the merits. Such is the ruling in other jurisdictions with respect to similar enactments. "The applicant is not required to make more than a prima-facie showing of merits as arises from his own affidavits. The code did not intend that there should be two trials of the merits. Therefore the defendant is not required to prove his defense, as he would at the trial, nor can his affidavits of merits be controverted." [1 Freeman on Judgments (4 Ed.) sec. 109, and cases cited in note.]

It follows that on the hearing of a petition for review, the only thing to be passed upon by the court, outside of the record facts and the merely formal requisites of the petition, is the materiality of the matter as to which the plaintiff's petition is therein alleged to be untrue, or the sufficiency of the defense set forth, or both.

II. A petition for review must clearly and definitely state all the facts constituting the defense claimed, as the court must be enabled to see that the proposed defense is not frivolous, but such a one as would defeat the plaintiff's action, in whole or in part, if sustained by proof. [6 Encyc. Pl. & Pr. 184.] That being the purpose of requiring a "setting forth (of) such defense,"

there can ordinarily be no necessity for going further and setting out the evidence by which 'it is intended to establish it. Within the purview of these general principles, the defense of the Statute of Limitations at least was sufficiently set forth in the petition for review in this case and entitled the defendant to the relief sought irrespective of the other defenses asserted.

As to defendant's "third" defense, it appears that a quit-claim deed, purporting to convey the one hundred acres of land in question, from Aubrey L. Wisker to the Johnson Land Company, was dated November 1, 1893, acknowledged November 7, 1893, and recorded December 14, 1893; that a like deed from the Johnson Land Company to Wisker was dated December 6, 1893, acknowledged December 6, 1893, and recorded December 27, 1893; and that the record title turns on the question of which was delivered first. The court, in rendering the judgment sought to be set aside, seems to have held that the dates of the acknowledgments determined respectively the dates on which the deeds were delivered. In many jurisdictions, and perhaps in this, the rule obtains that in the entire absence of other evidence a deed will be presumed to have been delivered on the date of its acknowledgment. But the presumption is a bare one, and may easily be overcome by circumstances which are inconsistent with the supposed fact. As to whether the facts and circumstances set out in the petition for review are sufficient to rebut such presumption, we express no opinion. To do so would be to embarrass the court or jury whose province it will be to determine this issue of fact on the trial of the cause. Again, the evidence adduced at the trial will no doubt more fully disclose the facts and circumstances attending the execution of the instruments than appear from the statement just referred to.

For the reasons appearing herein, the order of the circuit court is reversed, and that court is directed to set aside the judgment heretofore entered in the cause and allow defendant a reasonable time within which to answer plaintiff's petition. All concur.