CLAIR A. GARRISON, Appellant, v. F. W. SCHMICKE and F. W. SCHMINKE, who are one and the same person, TILLIE W. SCHMICKE and LILLIAN (LILLIE) M. SCHMINKE, who are one and the same person; W. H. SCHMINKE and IRMA HAERTHER, individually and as trustees.—No. 39607.—193 S. W. (2d) 614.

Division One, April 8, 1946.

*C. A. Calvird* and *Crouch, Crouch & Kimberlin* for appellant.

1186

*Haysler A. Poague* and *Waldo P. Johnson* for respondents.

VAN OSDOL, C.—Plaintiff has appealed from an order sustaining a petition, defendants F. W. and Lillian M. Schminke (or Schmicke), petitioners, to review a default judgment. See Section 1247 et seq. R. S. 1939, Mo. R. S. A. sec. 1247 et seq. The judgment, set aside by the order sustaining the petition for review, was rendered in an action (the instant action) in equity to cancel a deed executed by the petitioners on the ground that the deed was fraudulent as to an existing creditor, plaintiff. Title to real estate is involved, and this court has jurisdiction of the appeal. Section 3, Article V, Constitution of Missouri 1945; Brennecke v. Riemann et al., Mo. Sup., 102 S. W. (2d) 874.

In the year 1937 plaintiff (appellant) procured a money judgment against defendants (respondents) F. W. and Lillian ▮▮▮ M. Schminke in the District Court of Linn County, Iowa. Defendants F. W. and Lillian M. Schminke owned lands in Henry County, Missouri, and on May 6, 1938, conveyed the described lands by warranty deed to defendants (respondents) W. H. Schminke and Irma Haerther "as trustees and their successors and assigns forever."

In the year 1942 plaintiff instituted the instant action in the Circuit Court of Henry County, Missouri, in which action F. W. and Lillian M. Schminke, and W. H. Schminke and Irma Haerther, were made parties defendant. Plaintiff sought by the first count of his petition to recover a personal judgment against defendants F. W. and Lillian M. Schminke upon the Iowa judgment; and, by the second count, plaintiff sought to set aside the deed, mentioned supra, on the ground that the deed was executed voluntarily and without consideration and in fraud of plaintiff, a creditor. No personal service of process was had upon any of the defendants, but they, non-residents, were notified of the commencement of the action by publication.

Defendants made no appearance and a default judgment for plaintiff was rendered by the Circuit Court of Henry County, April 5, 1943, on both counts of plaintiff's petition. As stated, defendants were not personally served by process and did not appear, and it is not contended by plaintiff that the personal judgment rendered on the first count of his petition was valid. The judgment of the court on the second count, however, although jurisdiction of defendants was acquired by constructive service, was final and conclusive, save and except the trial court was correct in the ruling (from which this appeal has been perfected) sustaining the petition for review. Section 891 R. S. 1939, Mo. R. S. A. sec. 891; Jones v. Driskell, 94 Mo. 190, 7 S. W. 111.

Defendants F. W. and Lillian M. Schminke in their verified petition for review alleged that they had, at the time the judgment was rendered, and now have, a "good defense" on the merits of plaintiff's claim as stated in the second count of his petition, and "that said petition is untrue in a material matter as hereinafter stated. Plaintiff alleges in said count two that the conveyance made by these defendants to W. H. Schminke and Irma Haerther as trustees was made without consideration and with the fraudulent intent and purpose of preventing plaintiff from collecting his judgment. These defendants allege and state that said averment of plaintiff's petition is wholly untrue and that said conveyance was not made without consideration or with the fraudulent intent of preventing the collection of plaintiff's judgment, but was made for a valuable consideration; that said conveyance was made to said trustees for the purpose of securing payment to W. H. Schminke, Irma Haerther, C. F. Schminke and Lillian Schminke (a daughter of petitioner, Lillian M. Schminke) of an indebtedness in the amount of $7,300.00; that such indebtedness was evidence(d) by a note dated September 1st, 1936 and existed before the rendition of the judgment in favor of plaintiff sued upon in count one of plaintiff's petition; that said indebtedness of $7,300.00 exceeds the value of the land conveyed and that such conveyance was not voluntary, nor was it intended to defraud any creditors, nor did it result in any fraud of creditors."

When a final judgment is entered upon an interlocutory judgment against "any defendant," who shall not have been personally summoned, or who shall not have appeared, such final judgment may be set aside if "the defendant" shall within time limited appear and, by petition for review, show good cause for setting aside such judgment. Section 1247, supra; and see also Section 1250 R. S. 1939, Mo. R. S. A. sec. 1250. The petition for review is of the nature of an independent action. Dillbeck v. Johnson, 344 Mo. 845, 129 S. W. 2d 885. It has been held that a petition for review may not be filed by one who is not a party defendant. Ewart v. Peniston, 233 Mo. 695, 136 S. W. 422. And it is a general rule that, to entitle any person

1188

to maintain any action, it must be shown he has a justiciable interest in the subject matter of the action. 39 Am. Jur., Parties, sec. 10, pp. 859-860; 47 C. J. 21.

It is, in effect, plaintiff's contention that F. W. and Lillian M. Schminke were fraudulent grantors; had conveyed absolute title; were, although parties, not necessary parties to the instant action; could not have a "good defense" to the instant action; and so had no such interest in the subject matter as would entitle them to maintain an independent action by petition for review.

We will consider land as the subject matter of the instant action and of the independent action for review. Since title to the land was involved in the instant action and the deed conveying title was set aside by the judgment rendered, and the land subjected to satisfaction of plaintiff's Iowa judgment, it seems our question is— did defendants F. W. and Lillian M. Schminke have any interest in the land, cognizable by a court, which was affected by the judgment rendered.

In the case of First Nat. Bank of Monett v. Vogt, 344 Mo. 284, 126 S. W. 2d 199, cited by plaintiff, the court recognized the rule in this state as expressed in the opinion of the case of Schneider v. Patton, 175 Mo. 684 at pages 726-7, 75 S. W. 155 at pages 167-8, to the effect that an alleged "fraudulent grantor could be prejudiced in no way, in a legal sense, by a determination which subjected the property to the payment of his debts which had already irrevocably passed beyond his control, he has no interest in the suit, and is therefore not a necessary party." Plaintiff also cites the case of Peter Wright et al. v. Cornelius, 10 Mo. 174, in which case a debtor, whose lands (the title to which, it was alleged, had been fraudulently vested in another) had been sold under execution issued upon a judgment against the debtor, was held not to be a necessary party defendant to an action in equity brought by the execution purchaser against the heirs, of him in whom the title had been vested, to compel them to convey all their interest in the land. All his interest in the land was irrevocably conveyed by the grantor in the case of First Nat. Bank of Monett v. Vogt, supra, when he executed the alleged fraudulent conveyance; and all of debtor's interest in the land was irrevocably divested by virtue of the execution sale in the case of Peter Wright et al. v. Cornelius, supra; and the grantor and the debtor, in the respective cases cited, had no remaining interests in the lands, nor were they asserting any; consequently, they were, and could have been, in no way prejudiced by the relief respectively granted, and sought though denied, in the respective actions.

It is now apparent from his contention, and from his citations of authorities, that plaintiff in our case has assumed that the deed executed by defendants F. W. and Lillian M. Schminke unto defendants W. H. Schminke and Irma Haerther not only absolutely conveyed

but "irrevocably" conveyed the title; and that no interest whatsoever in the land, cognizable by a court, remained in F. W. and Lillian M. Schminke, defendants. Such an assumption is justified, if the allegations of plaintiff's petition in the instant action are true, but such an assumption is not warranted if the allegations of the petition for review are true.

According to the allegations of the petition for review, the grantors, defendants F. W. and Lillian M. Schminke, were indebted to others than plaintiff when the deed was executed, and *the deed was executed* conveying the lands in trust *to secure the payment of* the *indebtedness.* If the allegations of the petition for review are true, defendants F. W. and Lillian M. Schminke were not fraudulent grantors. The grantors, defendants F. W. and Lillian M. Schminke, had the right to convey their land to secure the payment of an actual pre-existing indebtedness to creditors other than plaintiff, if the conveyance was not part of a scheme to defraud, and if the reasonable value of the property conveyed did not materially exceed the amount of the debt so secured; and such a conveyance would not be held to be voluntary and without consideration, and in fraud of creditor plaintiff. Owens v. Owens, 347 Mo. 80, 146 S. W. 2d 569; Russell v. Franks, 343 Mo. 159, 120 S. W. 2d 37; Brennecke v. Riemann et al., supra; 37 C. J. S., Fraudulent Conveyances, sec. 155, pp. 974-6, and sec. 235, p. 1058. And if the allegations of the petition for review are true, defendants F. W. and Lillian M. Schminke did not *irrevocably* convey the absolute title to the land, but there remained in them an equitable interest entitling them to redeem upon the payment of the indebtedness secured. As to the verity of the statements (in the verified petition for review) that the allegations of plaintiff's petition in the instant action were untrue, or as to the verity of the statements (in the verified petition for review) of a "good defense" to the instant action—such statements are considered conclusively true for the purpose of showing good cause for setting aside the judgment. Osage Inv. Co. v. Sigrist, 298 Mo. 139, 250 S. W. 39.

According the allegations of the petition for review with conclusive verity for the purpose of showing good cause for setting aside the judgment, we see the conveyance (though a warranty deed and, on its face, an absolute conveyance in trust) was made to secure the payment of debt and would be treated in equity as a mortgage. Younger v. Evers, 333 Mo. 931, 64 S. W. 2d 936; Mayberry v. Clark, 317 Mo. 442, 297 S. W. 39; Duell v. Leslie, 207 Mo. 658, 106 S. W. 489; Schradski v. Albright, 93 Mo. 42, 5 S. W. 807; O'Neill v. Capelle, 62 Mo. 202; Worley v. Dryden, 57 Mo. 226; Wilson v. Drumrite, 21 Mo. 325; Brant v. Robertson, 16 Mo. 129; 36 Am. Jur., Mortgages, sec. 189, p. 787; 41 C. J. 313-4. And (still assuming the allegations of the petition for review to be conclusively true) defendants F. W. and Lillian M. Schminke, grantors of an absolute conveyance of lands to

1190

secure the payment of debt, have an equity or equitable interest in the land with the right to invoke the powers of a court of equity to declare the conveyance a mortgage and to enforce a mortgagor's right to redeem. See again cases cited, supra, in this paragraph.

In our opinion, it follows that, under the allegations of the petition for review, defendants F. W. and Lillian M. Schminke have such an interest in the subject matter of the action as should entitle them to maintain their action for review, inasmuch as the judgment, but for the sustaining of the petition for review, destroyed their equitable interest in the land.

The order sustaining the petition for review should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.