**Shelly WERTHS, Plaintiff,**

**Donald Bradley, Respondent–Appellant,**

v.

**DIRECTOR, DIVISION OF CHILD SUPPORT ENFORCEMENT, Appellant–Respondent.**

**Nos. WD 60201, WD 60334.**

Missouri Court of Appeals, Western District.

Jan. 28, 2003.

Robert D. Noland, Kansas City, for Appellant–Respondent.

Troy Dennis Losh–North, Warrensburg, for Plaintiff.

Karl H. Timmerman, Holden, for Respondent.

RONALD R. HOLLIGER, Judge.

The Division of Child Support Enforcement, a part of the Missouri Division of Social Services, appeals from a judgment awarding attorney fees against the agency pursuant to § 536.087, RSMo 2000,[1] in favor of Donald Bradley after his successful petition for review of an administrative order under Chapter 454 modifying his child support obligation to his former wife, Shelly Werths. We reverse and vacate the award of attorney fees because the application for fees was not filed within thirty days of the final judgment in the case as required by § 536.087.3, RSMo.

### Facts

Donald Bradley and Shelly Werths' marriage was dissolved by a decree of the Circuit Court of Johnson County, Missouri, on May 10, 1994. The parties were awarded joint custody of the two minor children. The court ordered Mr. Bradley to pay $400 per month in child support after making a finding that the presumed support amount of $675.59 calculated under Supreme Court Rule 88.01 was unjust and inappropriate.

In 1998, Ms. Werths requested child support enforcement services from the Division of Child Support Enforcement (DCSE) under § 454.425, RSMo, which directs DCSE to provide child support services authorized pursuant to Chapter 454 to all parents upon request, without regard

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

to whether the support recipient is also receiving public assistance. At that time, she also requested that DCSE seek an administrative modification to increase her child support amount under § 454.496.1, RSMo. Mr. Bradley sought an administrative review hearing, which was conducted by a Hearing Officer designated by the Department of Social Services. After the evidentiary hearing, the Hearing Officer entered an order increasing Mr. Bradley's child support obligation to $710 per month.

Mr. Bradley then filed a petition for review pursuant to §§ 536.100 to 536.140, RSMo. The petition named both Ms. Werths and DCSE as parties to the action. Mr. Bradley sought relief on the basis that the administrative order did not comply with § 452.340, RSMo, and Supreme Court Rule 88.01. The petition also alleged that various sections of Chapter 454 dealing with administrative support orders were unconstitutional on various grounds and that DCSE personnel were practicing law without a license. The procedure for such petitions for review is as provided in subsections 6 and 7 of § 454.496, RSMo (emphasis added):

> If a petition for judicial review is filed, the court shall review all pleadings and the administrative record, as defined in section 536.130, RSMo, pursuant to section 536.140, RSMo. After such review, the court shall determine if the administrative order complies with section 452.340 and applicable Supreme Court rules. If it so determines, the court shall make a written finding on the record that the order complies with section

452.340 and applicable supreme court rules and approve the order or, if after review pursuant to section 536.140, RSMo, the court finds that the administrative order does not comply with supreme court rule 88.01, the court may select any of the remedies set forth in subsection 5 of section 536.140, RSMo. The court shall notify the parties and the division of any setting pursuant to this section.

> 7. Notwithstanding the venue provisions of chapter 536, RSMo, to the contrary, for the filing of petitions for judicial review of final agency decisions and contested cases, the venue for the filing of a petition for judicial review contesting an administrative order entered pursuant to this section modifying a judicial order shall be in the court which entered the judicial order. In such cases in which a petition for judicial review has been filed, the court shall consider the matters raised in the petition and determine if the administrative order complies with section 452.340 and applicable Supreme Court rules. *If the court finds that the administrative order should not be approved, the court shall set the matter for trial de novo.* The court shall notify the parties and the division of the setting of such proceeding. If the court determines that the matters raised in the petition are without merit and that the administrative order complies with the provisions of section 452.340 and applicable Supreme Court rules, the court shall approve the order.[2]

2. We note, but do not attempt to explain, the obvious differences between the scope of review in subsection 6, which provides remedies provided for in § 536.140.5, RSMo, dealing with the usual type of contested case review, and the trial *de novo* relief available in subsection 7. This *de novo* proceeding under § 454.496.7, RSMo, is similar to the non contested case review under § 536.150, RSMo, but different because it is dependent upon the court first finding that the administrative order does not comply with § 452.340, RSMo, and Supreme Court rules. That initial review to determine whether to grant a *de novo* hearing is based only on the pleadings and the

After reviewing the pleadings and the administrative record, the trial court entered a judgment on March 23, 2000, ordering a trial *de novo*. The court further found that DCSE technicians were practicing law without a license, and declared §§ 452.370(8), 454.498, 454.400(2), 545.513 and 454.490(1) to be unconstitutional.[3] DCSE thereafter filed an appeal of the judgment with the Missouri Supreme Court. The Court dismissed the appeal holding that the circuit court's judgment was not final for purposes of appeal under Rule 74.01. *In Re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000).

After return of the case to the circuit court, Ms. Werths filed a document entitled "Dismissal," which provided, in part, that she "dismisses any cause of action she has been deemed to have filed regarding the above entitled motion to modify." On February 14, 2001, Mr. Bradley filed a motion to dismiss alleging that DCSE lacked standing to proceed on the trial *de novo* because there was no state debt owing to DCSE. This contention was premised upon the fact that Ms. Werths had not been on public assistance or had not assigned her support rights to DCSE under § 454.465.3, RSMo. DCSE agreed that it had no financial interest on behalf of the state and that it had no legal standing to pursue a support modification, absent a request by Ms. Werths. The Court then entered an order dismissing the "petition for review" on February 20, 2001, based on Mr. Bradley's claim that DCSE had no standing. On March 6, 2001, the court, apparently on its own motion, entered a corrected order reflecting that it was dismissing the trial *de novo*.

Mr. Bradley's application for attorney fees under § 536.087, RSMo, was filed on March 15, 2001, which was within thirty days of the February 20 dismissal order, but which was more than thirty days after Ms. Werths' dismissal of her modification request.

A hearing was set for March 19, 2001, on the attorney fees request. At that hearing, Mr. Bradley made an oral motion to set aside the trial court's dismissal order of February 20, 2001, and the corrected order of March 6, 2001. The trial court granted that motion and then set the case for "trial *de novo*" on May 4, 2001. We have been provided no transcript of a hearing on that date, but the record reflects that the trial court made the following docket entry:

> Petitioner Shelly Werths appears by attorney Troy Losh–North. Respondent Donald Bradley appears by attorney Karl Timmerman. Division of Child Support Enforcement appears by attorney Doug Noland. Court finds that that, in consideration of the fact that the initial movant, Sherry Werths, has withdrawn her request of the Division of Child support Enforcement to modify the Court's 1994 order for child support, that the Division of child support Enforcement has no further standing to proceed. *The court finds the issues in this trial de novo in favor of Donald Bradley* and against Division of Child Support Enforcement and Mrs. Werths ... (emphasis added)

On its face, this docket entry appears to be a resolution of the trial *de novo* on its merits. Thereafter, the court held several hearings on Mr. Bradley's application for attorney fees, ultimately resulting in an

administrative record. Section 454.396.6, RSMo.

3. The Missouri Supreme Court has recently upheld the constitutionality of § 454.490, RSMo. *See State, ex rel. Hilburn v. Staeden,* 91 S.W.3d 607 (Mo. banc., 2002).

amended judgment awarding him $22,500 against the DCSE. The agency filed an appeal from the award of attorney fees, and Mr. Bradley has cross-appealed the amount of the award.

## Points on Appeal

DCSE raises five points on appeal. It first contends that the award of attorney fees was improper under § 536.087, RSMo, as the agency's actions were "substantially justified" because both the DCSE technician and hearing officer had a reasonable basis in law and fact to modify the child support amount. Second, DCSE argues that Mr. Bradley's motion for attorney fees was untimely because it was filed more than thirty days after Ms. Werths filed the voluntary dismissal of her modification action. Third, DCSE argues that attorney fees cannot be awarded here because the action did not involve an "agency proceeding" or a civil action arising from an agency proceeding for the reason that DCSE was not represented by counsel at the administrative level. Fourth, DCSE contends that the award was improper because Mr. Bradley's counsel's itemized statement of fees failed to comply with § 536.087.3, RSMo, in that it did not contain a record of the actual time expended by the attorney. Lastly, DCSE alleges that the amount of the fee award was erroneous because of alleged overbilling and billing for unrelated matters and social correspondence.

Mr. Bradley presents a sole point in his cross-appeal. He argues that the trial court erred in limiting his attorney fees to $75 per hour and failing to consider whether there was a "special factor" under § 536.085(4), RSMo, which would permit the award of a higher hourly fee.

DCSE's second point on appeal, that Mr. Bradley's application was untimely under § 536.087, RSMo, is dispositive.

## Discussion

Although there are a number of elements for recovery of attorney fees against an administrative agency under § 536.087, RSMo, the crucial question, here, is determining when Mr. Bradley prevailed in the action, the event that started the time running for his fee application. Section 536.087.3, RSMo, provides that a party seeking fees shall submit an application within thirty days of "a final disposition in an agency proceeding or final judgment in a civil action." The award of fees is limited to parties (as defined in § 536.085) who "prevail." The logical conclusion is that the determination of whether a party has prevailed can only be made upon the entry of final judgment or other final disposition of the case. That conclusion is supported by the definition of "prevails" which is provided in § 536.087(3): "obtains a favorable order, decision, judgment *or dismissal* in a civil action or agency proceeding." (Italics added). We will first consider whether Ms. Werth's dismissal on February 12, 2001, was a "favorable order, decision or judgment" in favor of Mr. Bradley and, secondly, whether that dismissal was a final resolution of the pending matter starting the time limits of § 536.087, RSMo. The first question will necessitate consideration of the nature and role of a petition for review and subsequent trial *de novo* under § 454.496, RSMo. The second question will necessitate consideration of the role of DCSE in such proceedings and the nature of its status as a "party," since Mr. Bradley joined the agency as a co-respondent with Ms. Werths in his petition for review.

Section 454.496.6, RSMo, provides that the initial review of an administrative support order is the familiar "contested case review" under § 536.140, RSMo. Such review is limited and is based only on the

administrative record and the pleadings filed in connection with the petition for review. If the circuit court finds that applicable statutes and Supreme Court Rules have been complied with by the DCSE, then it makes a finding approving the administrative order. Section 454.496.6, RSMo. The support obligation thereby becomes a judgment of the court enforceable as all other judgments.[4] Section 454.340, RSMo.

■ If, however, the court agrees with the initial claims in the petition for review that applicable statutes and Supreme Court Rules have not been followed, then it sets the matter for trial *de novo.* Section 454.496.7, RSMo. In effect, the trial court sets aside the administrative order and proceeds to determine whether modification of the support order is proper and appropriate as if the modification request had originated in the circuit court. In this sense, the trial *de novo* proceeding is also unlike the *de novo* review provided in § 536.150, RSMo, for "uncontested cases," which is still limited to an independent determination by the reviewing court, based on evidence heard by that court, of whether the administrative action was "unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion."

■ Here, we interpret the term "trial *de novo* " in § 454.496.7, RSMo, to mean "an original proceeding in front of the court and not a mere exercise of review jurisdiction." *Williams v. State Dept. of Soc. Servs., Div. of Family Servs.,* 978 S.W.2d 491, 494 (Mo.App.1998). A "*de novo* trial" is defined as "[t]rying a matter anew; the same as if it had not been heard before and as if no decision had previously been rendered." BLACK'S LAW DICTIONARY

392 (5th ed.1979). "When the legislature enacts a statute referring to terms which have had other legislative or judicial meanings attached to them, the legislature is presumed to have acted with knowledge of these meanings." *Boyd v. State Bd. of Registration for the Healing Arts,* 916 S.W.2d 311, 315 (Mo.App.1995). In *Williams,* § 210.152.5, RSMo, provided for "*de novo* judicial review" of certain probable cause findings by the Division of Family Services. 978 S.W.2d at 493. There, the Division argued that the trial court's review of its probable cause finding, though independent, was limited to the evidence available to the agency. *Id.* at 492. The *Williams* court rejected that interpretation based on the long understood use and meaning of the term "*de novo,*" even though the term was conjoined in the statute with the term "judicial review." *Id.* at 493–94. Here, the statutory intent is even clearer since § 454.496.7 uses the even more explicit terminology "trial *de novo.*"

The dismissal, then, by Ms. Werths was of the claim pending before the court (i.e., her request for modification) in the trial *de novo* that was ordered after the grant of Mr. Bradley's petition for review. Once dismissed, Mr. Bradley received a favorable judgment of her claim in terms of § 536.087, RSMo. The question remains, however, whether it was a *final* judgment that would trigger the time limit for his attorney fee application. *Lumbermens Mut. Cas. v. Thornton,* 36 S.W.3d 398 (Mo. App.2000). In other words, were there any other issues remaining between any parties to the proceeding, other than the issue of attorney fees?

■ As we have stated, once the trial court sustains a petition for review arising

---

**4.** Subsection 6 also provides that the trial court can return the matter to the administra-

tive agency for further proceedings under § 536.140.5, RSMo. That was not done here.

from an administrative modification of child support, as was done here, the matter proceeds anew. What, then, is DCSE's role? Is it technically a party to the proceeding? A party is a natural person, artificial person, or other legal entity that has the capacity to sue or be sued. *Korte Trucking Co. v. Broadway Ford Truck Sales, Inc.*, 877 S.W.2d 218, 220–21 (Mo. App.1994). DCSE meets those basic criteria. Section 454.400.2(1), RSMo. A party, however, must also have some interest in the subject matter, a justiciable interest. *Garrison v. Schmicke*, 354 Mo. 1185, 193 S.W.2d 614, 615 (1946). Bare legal title is sufficient to maintain an action of law. *Klein v. General Elec. Co.*, 714 S.W.2d 896, 902 (Mo.App.1986).

▆▆▆ An examination of Chapter 454 reveals that DCSE deals with two broad categories of child support: (1) those where the recipient parent has been on public assistance; and (2) those where the receiving parent has not received such assistance. In the former category, § 454.465 creates a "state debt" or, in some cases of temporary assistance under § 208.040.2, RSMo, an assignment of a support obligation is made or deemed to exist which DCSE is authorized to enforce against the obligor parent. Section 454.420, RSMo. In the situation where there has been no public assistance, DCSE is authorized by § 454.425 to provide "child support services" related to the enforcement of support obligations. In that situation, DCSE holds neither bare legal

title or any financial interest in the support obligation.[5] In this case, DCSE has expressly declined any interest in Ms. Werths' request for modification other than the provision of child support services under § 454.425. We need not resolve exactly what the extent of those services are under Chapter 454. Section 454.513 expressly provides "[a]n attorney/client relationship shall not exist between the attorney [representing DCSE in the initiation of proceedings at its behest] and any applicant or recipient of child support enforcement services for or on behalf of a child or children, without regard to the name in which legal proceedings are initiated." Absent a petition for judicial review, those services would include establishment of the administrative order as a judicial order under §§ 454.490 and 454.496. Where a petition for review has been filed, those services would include at least responding to the initial issue of whether the statutes and supreme court rules had been complied with as specified in § 454.496, RSMo. Once the petition for review has been filed, the extent of those services is less clear. In this case, it is even less evident because, at some stage early in the *de novo* proceeding, Ms. Werths obtained her own counsel. DCSE's counsel, thereafter, seemed to be proceeding basically in the role of defending the constitutionality of various sections of Chapter 454.[6]

▆▆▆ DCSE's role in the posture of this case, representing Ms. Werths under § 454.425 where there was no state debt,

---

5. We express no opinion whether DCSE has some separate justiciable interest as a representative of the state in the modification of such support obligations. Section 454.496.1 and 454.400.2(13) authorize the director of DCSE to review support orders and seek modification of them without a request by either the obligor or obligee. This modification was not sought under that authority.

6. We do not opine, as it was apparently not argued to the Supreme Court, whether once the trial *de novo* was granted DCSE had sufficient status as a party to appeal the findings of non-constitutionality. If, rather than what happened here, the trial court had denied the petition for review and the obligor had appealed contesting the constitutionality of the administrative process, we would be faced with a different situation.

was purely nominal and derivative of the interests of Ms. Werths. Even if we were to assume that DCSE were to have some interest in both the constitutionality of the administrative process and whether the petition for review should have been granted, that interest disappeared when Ms. Werths dismissed her claim for modification. At that point, Mr. Bradley had obtained all the relief (apart from the issue of fees and costs) that he had sought. Nothing else remained for determination by the trial court. A voluntary dismissal under Rule 67.02 is effective when filed and needs no order or judgment of the court confirming the dismissal. *Samland v. J. White Transp. Co.*, 675 S.W.2d 92, 96 (Mo. App.1984). Nor is this a situation where the party filing the dismissal sought that it be set aside. *See generally, Richman v. Coughlin*, 75 S.W.3d 334 (Mo.App.2002). The litigation on the motion to modify terminated favorably to Mr. Bradley on the date when Ms. Werths filed her voluntary dismissal, and that disposition was final.[7]

We have considered and disagree with Mr. Bradley's argument that the general request for attorney fees under § 536.087, RSMo, in the prayer for relief within his motion to dismiss DCSE filed two days after Ms. Werths' dismissal constituted a proper application for fees under § 536.087. The statute is quite explicit as to the requirements for such requests for fees and Mr. Bradley's general prayer complied with none of those statutory requirements. A proper application for fees was not filed within thirty days and is, therefore, time barred.

The judgment is, therefore, reversed and remanded to the circuit court, with the court directed to dismiss the fee application as untimely under § 536.087, RSMo.

PATRICIA BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.

---

7. We have considered whether, although not denominated as such, Mr. Bradley's petition for judicial review might also be considered an action for declaratory judgment. Such a treatment would not aid Mr. Bradley in his quest for fees under § 536.087, RSMo.