# MATTIE WITCHER et al. v. ELIZABETH HANLEY et al., Appellants.

## Division One, July 31, 1923.

1. **BILL OF REVIEW: Failure to Set Aside Original Judgment.** In a proceeding to review a judgment rendered on constructive notice, wherein answers were filed and issues made and tried upon the answers and the bill of review, the judgment which ensues is not assailable on the technical failure to set aside the original judgment and make the same issues on the old petition and answers.

2. **LIFE TENANT: Purchaser at Foreclosure of Deed of Trust: Trustee for Remaindermen.** A purchase of mortgaged property by the life tenant in possession at a sale under a deed of trust is deemed to have been made for the benefit of the remaindermen, if they contribute their proportion of the purchase money in a reasonable time. The life tenant in possession cannot deal to his own advantage, and to the disadvantage of the remaindermen, by buying in the land at the foreclosure sale, and thereby defeat their title and acquire an independent title of his own.

3. ————: ————: ————: **Interest on Accrued Debt: Payment of Estate Debts.** Where a mortgagor devised property to his wife for life and the remainder to his children, the payment of the interest upon the encumbrance which accrues after his death becomes the obligation of the life tenant in possession, and if the estate is converted into money a part of the principal commensurate with her life expectancy is chargeable against her, and the payment by her of estate debts protects for the remaindermen the land from sale.

4. ————: ————: ————: **Legal Duties.** The life tenant in possession must pay taxes accruing after his tenancy begins, make ordinary repairs, keep down interest on existing encumbrances, and otherwise preserve for the remaindermen the estate in the condition in which he receives it, and his quasi-trusteeship imposes upon him an enforceable legal duty to do these things where he buys the property at a foreclosure sale under a deed of trust, and his failure to perform the duty falls under the extension of the rule which prohibits waste; and these facts distinguish his relationship to the remaindermen from the relation that a co-tenant who purchases at such sale bears to other co-tenants. [Distinguishing Becker v. Becker, 254 Mo. l. c. 680.]

5. ———: ———: **Laches: Delay of Remaindermen to Pay Due Proportion of Debt and Assert Claim.** The remaindermen were non-residents, and do not appear to have had actual knowledge of the foreclosure sale under a deed of trust existing upon the land at the time of their testator's death. At the sale the life tenant became the purchaser and sole grantee, at a price sufficient to pay the encumbrance and accrued interest, but the money she used to pay them was raised by another deed of trust given by her alone at the time of the sale. Five years later said life tenant, who had been in possession since the death of the testator, brought suit against said remaindermen to quiet title, which necessarily discloses knowledge that her claim as sole owner was opposed to rights they might assert. Notice to them was by publication, but it does not appear that actual notice reached them. She remained in possession and paid the taxes, but made no valuable improvements and was not misled to her detriment, and was not entitled to be re-imbursed for money actually expended, for she expended none except to pay such interest as the law requires the life tenant in possession to pay. The judgment quieted the title in her as sole owner, and a year later said remaindermen filed their bill of review, asking that said judgment be vacated, and that she, and her subsequent grantee with notice, be adjudged to hold the title subject to their remainder. *Held*, that the remaindermen are not chargeable with laches. An offer to pay their proportionate part of the encumbrance was scarcely to be expected while it was secured by the land and she remained in possession, chargeable with the obligation to pay the accruing interest, and there was no such delay as bars their right to pay their proportionate part and to assert their claim.

6. ———: ———: **Innocent Purchaser: Notice: Judgment Quieting Title: Subsequent Conveyance.** The probated will which devised a life estate in land to testator's widow and the fee to remaindermen, the then existing recorded deed of trust, the recorded trustee's deed showing foreclosure of the deed of trust and a purchase by the life tenant and a conveyance to her as sole grantee, and the decree in a subsequent suit to quiet title brought by the life tenant against the non-resident remaindermen upon constructive notice only, constituted notice to the grantee in a deed executed by said life tenant after said decree was rendered, and the law advised said grantee of the remaindermen's right to file a bill of review to vacate said decree, and such grantee bought subject to that right.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis, Judge.*

Witcher v. Hanley.

REVERSED AND REMANDED.

*Harvey & Bellamy, A. R. James* and *W. H. Meschede* for appellants.

(1) The court erred in finding the issues for the plaintiffs. The purchase of land at a foreclosure sale under a deed of trust by a life tenant, will be deemed to have been made for the benefit of the remaindermen, if they contribute their portion of the purchase money within a reasonable time. Allen v. De Groodt, 98 Mo. 159, 105 Mo. 442; Hinters v. Hinters, 114 Mo. 26; Cockrill v. Hutchinson, 135 Mo. 67; Stitt v. Stitt, 205 Mo. 155; Peak v. Peak, 228 Mo. 536; Becker v. Becker, 254 Mo. 668; Dudgeon v. Hackley, 182 S. W. 1004; Peterson v. Larson, 225 S. W. 704. (2) Remaindermen will not be barred from redeeming and recovering their land bought by the life tenant at a foreclosure sale under a deed of trust placed thereon by their common testator, simply because they did not tender to the life tenant the amount due by each of them upon the mortgage debt. In equity, if the bill contains a general offer to do equity, in conformity with the decree of the chancellor, that will suffice without making an actual tender. Peak v. Peak, 228 Mo. 536. The petitioners for review offered in their bill to do equity, in conformity with the decree of the chancellor. (3) Tennessee Sellers who, after the foreclosure sale, purchased the land in controversy from the life tenant, had both constructive notice and actual notice of the title acquired by said life tenant, and was, therefore, not an innocent purchaser for value. She herself admitted that she had been informed by Powell of the condition of the title, and that if she bought the land she would buy a lawsuit, and the court erred in not so finding.

*Alf. F. Rector* for respondents.

(1) Under the law and the evidence, it was proper to deny the petition of the appellants for review of the

judgment. Mattie E. Witcher became the owner in fee simple under the foreclosure sale held February 3, 1912, and did not by said purchase become trustee for herself and the remaindermen. Becker v. Becker, 254 Mo. 680, 682. The life tenant, had the right to purchase said land at the foreclosure sale in order to protect her life estate in the land, there being no evidence whatever that she procured and caused the land to be sold by the holder of the mortgage, or in any way took any advantage of the remaindermen. (2) If for any reason it could be held that Mattie E. Witcher became the trustee of the remaindermen by reason of her purchase of the land (which the respondent deny) the appellants would not be entitled to the relief sought by reason of the long delay and the unreasonable time permitted to elapse between the date of the sale and the filing of the petition in this cause. (3) Tennessee Sellers, who purchased the land from Mrs. Witcher after the decree had been rendered by the circuit court, without any knowledge of the claim of the appellants to said land, is entitled to hold said land, free and clear of any claim by the appellants. (4) The value of the land, as shown by respondent's evidence, was about $50 per acre at the date of the sale. Mrs. Witcher's life estate, under the mortality tables, was worth and valued at more than a thousand dollars. The deed of trust due Bryant, the principal of which was the debt of the remaindermen, was due and payable. The appellants paid no attention to the matter. At that time the interests of the remaindermen in the property was very little. Encumbered both by the life estate and the Bryant deed of trust, the land was practically abandoned by the appellants until land values advanced and until after Mrs. Witcher sold the land to Tennessee Sellers. Under these circumstances, the petition of the plaintiff for review was properly denied.

JAMES T. BLAIR, J.—The judgment appealed from was rendered after a trial of issues made by answers filed to a bill brought to review a proceeding and judgment

upon notice by publication. A thirty-eight-acre tract of Saline County land is involved.

Ephriam Witcher had owned the land, and in 1906 he and his wife executed a deed of trust thereon to secure a loan of $700. February 10, 1911, Ephriam died. By his will he gave his wife, Mattie E. Witcher, a life estate in the tract, with remainder to his eight children. At his death there was some unpaid interest on the note secured by the deed of trust. The interest continued to accumulate for another year, when a sale was had under the deed of trust. Mattie E. Witcher, the life tenant, bought at the sale. Her bid ($812) was equal to the note and interest and sale expense. There were unpaid debts of the estate amounting to $188. Mrs. Witcher arranged with Bryant, who had held the $700 note, for a loan of $1,000, and executed a deed of trust, dated on the day of the trustee's sale, February 3, 1912, to secure its payment. The sum in excess of the $700 note, interest and expenses of sale, was used to discharge debts of Witcher's estate which was in course of administration. Mrs. Witcher was in possession of the land subsequent to the death of her husband in 1911. In 1917 she purchased the interests of three of the heirs, i. e. Dean McKnight, Richard Witcher and Bernice Witcher. February 6, 1918, in a suit to quiet title, begun in 1917, the judgment was rendered of which review is sought in this proceeding. That suit was brought by Mrs. Mattie E. Witcher, and in her petition she alleges, among other things, that she owned the land in fee. She sought and secured judgment quieting, in her, full title to the land in question as against the heirs who bring the bill of review. That bill alleges and the answers admit most of the facts stated. It also charges that Mrs. Witcher procured Bryant to make the sale with the intent and for the purpose of excluding the heirs whose interests Mrs. Witcher had not bought. There is evidence *pro* and *con* upon this issue. The plaintiffs filed answers, it seems, to the bill of review, and without formalities the issues thereby made were tried and determined. Tennessee Sellers bought the land from Mrs.

Witcher. It is charged she had actual notice of all the facts and there is evidence tending to prove this to be true.

I. The statute pertaining to bills of review (Secs. 1532, 1535, R. S. 1919) was not followed in every respect (Osage Investment Co. v. Sigrist, 298 Mo. 139), but answers were filed and the issues were made and tried upon these and the bill of review. There seems to be no reason for saying that when the parties **Failure to Vacate Judgment.** follow this course the judgment which ensues is assailable because there was technical failure to set aside the original judgment and make up the same issues on the old petition and answers by the petitioners for review. [Chilton v. Cady and Cady v. Randell, 298 Mo. 101.]

II. The general rule is that the purchase by the life tenant at a sale under a deed of trust on the property is "deemed to have been made for the benefit of the remaindermen if they contribute their portion of the purchase money in a reasonable time." [Peak v. Peak, 228 Mo. 1. c. 552, and cases cited.] In the **Life Tenant: Purchase at Foreclosure Sale.** same case it was said the life tenant was in even a weaker position than a co-tenant who makes a like purchase, since he not only bears a *quasi*-trustee relation to the remaindermen "but also has the exclusive possession, care, control and enjoyment of the entire estate, which in large measure excludes the remainderman from protecting his own rights and interest in and to the land; whereas in a case between co-tenants all of them stand upon an equal footing." In Allen v. DeGroodt, 98 Mo. 1. c. 161, 162, it was held that a "life tenant occupied such relations towards the remaindermen that he could not deal to his own advantage, and to their disadvantage, by buying in the land under the trust deed, and thereby defeat their title and acquire an independent title of his own." The same rule was approved on a second appeal. [Allen v.

DeGroodt, 105 Mo. 1. c. 451, 452.    See also Cockrill v.
Hutchinson, 135 Mo. 1. c. 73, 74, and cases cited.]    It is
the general rule.    See note to Peak v. Peak, supra, 137
Am. St. 1. c. 651 et seq.; 17 R. C. L. pp. 640, 641, sec. 30;
21 C. J. 942.    The interest which had accrued at the time
of the death of Ephriam Witcher is to be treated as part
of the principal debt in so far as the relations of the life
tenant to the remaindermen are concerned.    The inter-
est subsequently accruing was the obligation of the life
tenant.    She was in full possession.    Appellants were
non-residents.    If the estate was to be converted into
money, a part of the principal commensurate with her
expectancy would have been chargeable to her.    The pay-
ment of the debts of the estate protected the land in suit
from sale for them.

III.    Respondents rely upon the decision in Becker
v. Becker, 254 Mo. 1. c. 680-682.    In that case one of several
co-tenants had bought in the common property at a sale
under a deed of trust executed by the one through whom
the co-tenants derived title.    The opinion apparently
argues that the purchase vested title in the
Legal Duty of
Life Tenant. purchasing co-tenant to the exclusion of all
right of other co-tenants to come in by pay-
ing their shares in a reasonable time.    The decision is
not specifically put upon this ground, and it is stated that
special circumstances set out lead to the same result.
This Division has approved conflicting interpretations
of this decision.    [Gearhart v. Gearhart, 213 S. W.
(Mo.) 1. c. 33, 6 A. L. R. 291, and note; Wenzel v. O'Neal,
222 S. W. (Mo.) 1. c. 394, 395.]    Other cases upon the
question are collected in a note to Jackson v. Baird, 148
N. C. 29, 19 L. R. A. (N. S.) 591.    The case of Dudgeon
v. Hackley, 182 S. W. (Mo.) 1004, involves a different
state of facts.    Something of the principles applicable to
a life tenant in possession may be found in Fountain v.
Starbuck, 209 S. W. (Mo.) 900, and Peterson v. Larson,
285 Mo. 119.    In Peterson v. Larson, the court adverted
to the principle that it is the duty of the life tenant to

preserve the estate for the remaindermen in the condition in which he received it. He must pay the taxes accruing after his tenancy begins, make ordinary repairs and keep down interest on encumbrances. His *quasi*-trusteeship imposes upon him an enforceable legal duty to do these things, and his failure to perform his duty falls under an extension of the rule which prohibits waste. [Robertson v. Collier, 1 Hill Ch. 370; Damm v. Damm, 109 Mich. 619; Magness v. Harris, 80 Ark. 583; Jones v. Sherrard, 22 N. C. 179; Fuller v. Devolld, 144 Mo. App. l. c. 95, 96, and cases cited.] This is not the situation of co-tenants. Unless equities intervene, one co-tenant is under no legal obligation to the others to pay taxes and interest. If he does so, the relationship ordinarily entitles him to contribution. If he purchases an outstanding title, the rule which lets in the others upon payment of their proportionate shares does not rest upon any failure of legal duty before the purchase but upon the *quasi*-trust relation which, in a sense, is a part of the estate and which equity implies from the community of interest. This distinction renders inapplicable to this case the rule in Becker v. Becker and like cases.

IV. The next question is whether the delay of appellants bars their right to pay their due proportion and assert their claim. The sale was made in 1912. Appellants were non-residents and it does not appear they had actual knowledge of the sale. The life tenant continued in possession. No improvement to the land is shown. Sometime in 1917 the life tenant commenced the suit to quiet title, and notice by publication was given appellants. It does not directly appear that actual notice reached them. Judgment in that suit was rendered in February, 1918. The bill of review was filed in November, 1918. The time falls far short of the Statute of Limitations, and, so far as the life tenant is concerned, there is no evidence tending to prove estoppel. The lapse of time is all that is shown. The relation was such upon the purchase by the life tenant that the duty to pay taxes and

*Laches.*

interest was the same as before, if the remaindermen chose to assert their rights in due time. The life tenant was in no way misled to do any act to her detriment, so far as the record shows. The suit she brought discloses a knowledge that her claim was opposed to rights the remaindermen might assert. In Cockrill v. Hutchinson, 135 Mo. l. c. 75, 76, there was a delay of fourteen and one-half years by adults, during which time the land was "greatly improved" and its value "largely increased" by the life tenant. That is not the situation in this case. Here, further, the money used by the life tenant to discharge the encumbrance was raised on the land involved. It was not paid out of the means of the life tenant. She was entitled to no re-imbursement for money actually expended, since she had expended none. The remaindermen owed her nothing, and the result of her purchase was merely to leave their interests to their respective shares subject to the part of the encumbrance chargeable to them, as before. On the face of the deeds their interests were made subject also to the interest which accrued after Mr. Witcher's death and prior to the sale—an obligation of the life tenant alone. An offer to pay their proportionate shares was hardly to be expected while the whole was secured on the land. At any rate, this situation is to be considered in determining whether there was laches in offering to come in. There was no laches barring appellants. Each case depends upon its own peculiar facts. [Stevens v. Reynolds, 143 Ind. l. c. 483; Cedar Canyon Con. Min. Co. v. Yarwood, 27 Wash. l. c. 282, 283, 284, and cases cited; Wilson v. Linder, 21 Idaho, l. c. 584, et seq.; Harrison v. Cole, 50 Colo. l. c. 478; Barksdale v. Learnard, 112 Miss. 861; Dwight v. Waldron, 96 Wash. l. c. 160, 161; Melms v. Pabst Brewing Co., 93 Wis. l. c. 148, 149; Stroh v. O'Hearn, 176 Mich. l. c. 179, 180; Stianson v. Stianson, 40 S. D. 322.] In Jefferson v. Bangs, 197 N. Y. l. c. 42, et seq., is a discussion of the effect of the inability of the remaindermen effectually to sue during the life tenancy. The court

quotes with approval a holding (Anderson v. Northrop, 30 Fla. 612) that no laches is imputable to reversioners in a contest between them and the life tenant during the life tenancy. A like decision (Sedgwick v. Taylor, 84 Va. 820) is cited. Whether this be the rule or whether the rule applied between co-tenants is applicable in cases between life tenants and remaindermen, makes no difference in this case. There is a mere lapse of time, short of the statutory period, and no special circumstances of any sort appear. There is no evidence of delay for speculative purposes, nor of anything unfair to the life tenant. So far as concerns Mrs. Witcher, the claim was not barred at the time the bill of review was brought.

V. The respondent who purchased from Mrs. Witcher immediately after the decree was rendered in the suit to quiet title, bought with knowledge. The will, deed and decree through which she was compelled to deraign title constituted notice. [Picot v. Page, 26 Mo. l. c. 415.] In addition, the evidence preponderates that she was in fact told of the probable claim of the heirs. The law advised her of appellants' right to file the bill of review and she bought subject to that right. Whether she is entitled to a lien upon the land for the amount she paid to discharge the encumbrance and entitled to a cancellation of the $1,000 note still outstanding, are questions which are not presented by the present record. [Kellar v. Fenske, 123 Wis. l. c. 441, 442.]

*Innocent Purchaser: Notice.*

The judgment is reversed and the cause remanded. All concur.