Charles Dillbeck v. Fray Johnson, Appellant.—129 S. W. (2d) 885.

Division One, June 14, 1939.

*Omer E. Brown* and *Chas. M. Lee* for appellant.

*A. L. Wright* and *Royle Ellis* for respondents.

GANTT, J.—Action, under Sections 1081 to 1087, inclusive, Revised Statutes 1929, to review a default judgment rendered under Sections 1520, 1521, Revised Statutes 1929. The petition prayed the court to set aside said judgment quieting title to certain land and grant leave to defendant to answer and make a defense. The default judgment was rendered November 11, 1935, on constructive service. The petition for review was filed May 18, 1938. It should be noted that the petition for review was filed within three years after the default judgment was rendered, as required by Section 1083, Re-

vised Statutes 1929. The court sustained the petition, set aside the default judgment and gave the defendant leave to answer and defend. Plaintiff filed an affidavit for appeal from the order sustaining the petition for review. Plaintiff in this case was the defendant in the suit to quiet title, and the defendant in this case was the plaintiff in the suit to quiet title.

The appeal was granted to the Springfield Court of Appeals. Appellate jurisdiction was taken by said court. It affirmed the judgment of the circuit court sustaining the petition for review and transferred the case to this court on a conflict of certain decisions of this court, ruling and issue presented by the record in the instant case.

█ The petition for review is of the nature of an independent action, and the order of the trial court ruling on the petition is an order from which an appeal may be granted. [Audsley v. Hale, 303 Mo. 451, 261 S. W. 117, 121; State ex rel. Goodloe v. Wurdeman, 286 Mo. 158, 227 S. W. 64.]

█ The action for review was ruled by the trial court under Sections 1081 to 1084, inclusive, which provide in detail the necessary allegations in a petition for review. If a petition for review follows and complies with said provisions of the statute, the court is without discretion in the matter. It must grant the petition. [Osage Investment Co. v. Sigrist, 298 Mo. 139, 145, 250 S. W. 39.]

█ It is not contended by the plaintiff in the suit to quiet title that the defendant in said suit did not comply with the statute in petitioning for a review. However, he argues that the petition should have alleged fraud in the procurement of the judgment. We have ruled to the contrary. [Chilton v. Cady, 298 Mo. 101, 112, 250 S. W. 403.]

█ Plaintiff next contends that the default judgment under consideration could not be reviewed for the reason the defendant did not move for a review within two years after entry of judgment, citing Section 1528, Revised Statutes 1929.

The said Section 1528 is Section 4568, Revised Statutes 1899. It is part of Article IV, Chapter 4, Revised Statutes 1899, entitled "Establishing Land Titles." The article contains seven sections (4565 to 4571, inclusive) and provides for setting aside a judgment by default on constructive service within two years in actions to determine the interest of a person in land whose written evidence of title or the record thereof had been lost or destroyed. The sections of said article were transferred to the Code of Civil Procedure in the Revised Statutes of 1909 and have remained a part of said code in the revisions of 1919 and 1929. They are now Sections 1524, 1525 and 1527 to 1531, inclusive, Revised Statutes 1929. The transfer of said sections to the Code of Civil Procedure did not change the time within which an action could be instituted to review a default judgment on constructive service, quieting title to land under Section

1520, Revised Statutes 1929, from three years to two years. The right to have such a judgment reviewed continued to be governed by Section 1083, Revised Statutes 1929, providing for a review within three years. This conclusion is sustained by Miller v. Boulware, 267 Mo. 487, 184 S. W. 1148; Osage Investment Co. v. Sigrist, supra, and 4 Houts Missouri Pleading & Practice, pages 215, 260.

The rulings to the contrary in Mirick v. Booten, 304 Mo. 1, 262 S. W. 1038, and Rutledge & Taylor Coal Co. v. Dent, 308 Mo. 547, 274 S. W. 30, are overruled.

It follows that the order of the trial court which set aside the default judgment should be affirmed. It is so ordered. All concur, except *Hays, P. J.,* absent.