## BUTCHER v. WHITE.

No. 21995.

Kansas City Court of Appeals.

Missouri.

May 3, 1954.

Paul C. Sprinkle and Sprinkle, Knowles & Carter, Kansas City, for appellant.

William W. Cochrane, Jr., Kansas City, for respondent.

.SPERRY, Commissioner.

Butcher sued White for a $4,000 commission, allegedly due for services in the sale

of property for White. Defendant answered but, on the day of trial, did not appear, nor was he represented by counsel. Plaintiff waived a jury, presented evidence, and had a judgment for the amount sought. Defendant moved to set the judgment aside and, upon denial of the motion, appealed.

Plaintiff alleged that defendant agreed to pay him $4,000 as commission for the sale of certain personal property described in the petition; that he procured a buyer and the sale was consummated; that the sale was made January 16, 1948; that, although he had repeatedly demanded payment, the full amount remained unpaid.

The petition was filed May 28, 1948. Defendant answered by way of general denial. On March 2, 1953, which was on a Monday, plaintiff appeared with his attorney and announced ready for trial, at 9:30 a. m. Defendant failed to appear, either in person or by attorney. Proceedings were delayed until 3:30 p. m., when defendant's attorney of record appeared and announced that he had withdrawn from the case and no longer represented defendant. Another attorney, Mr. Bush, was in court and stated that he was a friend of defendant but did not represent him. He stated to the court, repeatedly, that defendant was at Cincinnati, Ohio, on business, and could not be present, but would be back within a day or two. Defendant's attorney of record also stated that defendant was out of town. Plaintiff's counsel asserted that the case had been duly transferred to Judge Southern's division on the Thursday preceding; that it had, at that time, been set for trial on Monday, March 2; and that he, at that time, informed defendant's counsel that he would have to bring witnesses from out of the state and asked if defendant would be ready for trial on the following Monday. He stated that counsel assured him that defendant would be ready. Plaintiff insisted on going to trial.

On March 2, plaintiff had, present in court, the purchaser of the property and her daughter, who had come to Kansas City from their homes in Miami, Oklahoma, to testify. They were present in court at 9:30 a. m. All day, until 3:30, efforts were made to contact defendant's counsel of record, who finally appeared and stated that he no longer represented defendant and had informed his client on the Friday preceding that he would not represent him. Thereupon, Mr. Bush stated that he did not represent defendant but was his friend, and he urged a continuance until such time as defendant should return from Ohio.

The court, upon plaintiff's insistence, ordered the case to proceed. Plaintiff waived a jury and offered the evidence of himself and two out of state witnesses above referred to. The evidence tended to prove the allegations of the petition. At his request Mr. Bush was permitted to cross examine plaintiff. The court rendered judgment for plaintiff, as prayed.

In due time defendant filed motion to set aside the judgment, the pertinent allegations thereof being that "defendant herein has a perfectly good and valid defense"; that his counsel withdrew before trial; that it was not possible for defendant to procure other counsel before March 2, 1953.

The court heard evidence on the above motion. Defendant testified to the effect that his attorney of record notified him on Friday that he would not represent him, but that said attorney agreed that he would appear in court and inform the judge, on trial day, of his withdrawal. Defendant stated that he and a friend, attorney Howard, had private business at Cincinnati, Ohio, on Monday, March 2, and planned to go there by plane on that date; that defendant started (somewhere) got out of town some distance and returned for some unstated reason; that he was in town Monday, March 2, while the court was trying to have his attorney of record contacted; that attorney Bush was in court at defendant's request to report if defendant's counsel of record appeared, as he had agreed to do.

Howard testified to the effect that he and defendant discussed the case on Saturday

and postponed their business trip on account of the case and counsel's withdrawal therefrom; that they were in communication with each other the afternoon of Monday; that he, Howard, did not leave Kansas City on Monday.

It appeared from the trial record that attorney Bush was in court all day Monday; that he stated to the court that defendant was in Cincinnati, Ohio; that he, Bush, was merely a friend, although an attorney, and did not represent defendant. He urged that the case be continued until defendant's return from Ohio. It also appears, without question, that Bush was in constant telephone communication with defendant Monday, keeping him advised fully of all proceedings.

It also appeared that defendant resided within 15 minutes by street car or automobile from the court house; that, from Friday on, he had full knowledge of the pendency of the case and of the date of trial; that he knew that his attorney of record would not represent him; and that plaintiff would have two out of state witnesses present to testify. He was constantly in touch with, and had full information by telephone, of all proceedings that transpired in the court room on Monday.

The judgment was properly rendered. The case had been pending for almost five years. The pleadings were fully made up and the issues known. On Thursday the case had been assigned and set for trial. Defendant's counsel was fully informed and was told that plaintiff would notify out of state witnesses to be present. He agreed that the case would be tried but, on Friday, told defendant that he would not represent him unless paid a certain sum of money. Defendant called and talked to several lawyers about this case on Saturday. He has large property interests and had in his employ in other cases, at least one lawyer, in addition to the one who withdrew. He hired one

lawyer to be in court merely to report whether or not former counsel appeared and withdrew. He was informed of all proceedings, but he permitted the court to believe that he was out of town. His own paid lawyer so informed the court although he was even then in constant telephone communication with defendant, 15 minutes from the court house.

The judgment is a final judgment by default, not an interlocutory judgment such as is mentioned in Section 511.110 et seq. RSMo 1949, V.A.M.S. However, the motion to set aside was properly overruled because the defendant, in his petition for review, failed to deny the truth of the allegations of plaintiff's petition, or to state facts therein from which the trial judge might determine that defendant had a good defense to the action on the merits. Section 511.200 RSMo 1949, V.A.M.S. (formerly Section 2104, RSMo 1909); Santa Fe Car Icing Company v. Kemper, 166 Mo.App. 613, 149 S.W. 1163, 1165; Jeffrey v. Kelly, Mo.App., 146 S.W. 2d 850, 852; Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864, 866.

A motion to set aside a default judgment is addressed to the sound judicial discretion of the trial court. An appellate court will not interfere with the ruling of the trial court unless it appears that such discretion was abused. We cannot hold that the trial judge abused his discretion on this case. Stieferman v. Stieferman, supra, 219 S.W.2d 866.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.