Eugene STOOPS, Ethel Frazier, Jewel May-field, Ruth Caruso, Dorothy Snow, Robert Lee Stoops, a Minor by His Guardian Ethel Frazier, Hazel Baker and Floyd Stoops, Both Minors, by Their Next Friend Lucy Stoops, Appellants,

v.

Bertha STOOPS, Respondent.

No. 44306.

Supreme Court of Missouri.

Division No. 2.

March 14, 1955.

E. C. Hamlin, A. T. Parrish, Springfield, for appellants.

John B. Newberry, Springfield, for respondent.

BARRETT, Commissioner.

This suit originated when Lucy Stoops and her eight children instituted this action against Bertha Stoops to cancel two deeds to a tract of land in Dallas County. Bertha

Stoops was I. E. Stoops' second wife, Lucy was his first wife and I. E. and Lucy were the parents of the eight children. In a nutshell the sequence of events and dates involved in this litigation are these: During their marriage I. E. and Lucy owned a tract of land in Dallas County and a parcel of land in Greene County as tenants by the entirety. In 1946 I. E. was threatened with or became fearful of litigation and on the 31st day of May I. E. and Lucy conveyed the two parcels of land to O. S. Bradley. On June 3, 1948 I. E. was granted a divorce from Lucy and thereafter married Bertha. On December 24, 1948, O. S. Bradley and his wife conveyed the land to I. E. and Bertha as tenants by the entirety. I. E. died on August 11, 1951, and on September 21 Lucy and her children instituted separate suits to set aside the deeds to the land in both Greene and Dallas Counties. This suit is to cancel the two deeds to the land in Dallas County, the 1946 deed from I. E. and Lucy to Bradley and the 1948 deed from the Bradleys to I. E. and Bertha.

This and the companion case involving the land in Greene County, with certain notable exceptions, have previously been considered by this court. Stoops v. Stoops, 363 Mo. 1075, 256 S.W.2d 799; Stoops v. Stoops, Mo., 259 S.W.2d 833. In the petition involved here and upon the appeal as to the Greene County land it was alleged and claimed that Lucy was induced and compelled by force, duress and fraud on the part of her husband, who was then a person of unsound mind, to execute and deliver the deeds to both tracts of land in 1946. In the trial of the companion case there was also the question of laches upon Lucy's part in instituting the action, as well as a question as to her having settled her property rights when the divorce was granted. These questions have all been abandoned and the sole claim upon this appeal is that the deeds were void for the reasons that there was no consideration for either deed and that they were not delivered by the grantors with the requisite intention that they should become effective as conveyances of the land. There are also certain other differences and changes since the former appeals. After the former appeal Lucy re-married and executed a quitclaim deed conveying whatever interest she may have had in the Dallas County land to her eight children and Lucy is no longer a party to this suit. The consequence is that the eight children now claim a one-half interest in the land by conveyance from their mother and a one-half interest by inheritance from their father. It should also be noted that O. S. Bradley was the grantee in the 1946 deed from I. E. and Lucy and that he and his wife were the grantors in the 1948 deed to I. E. and Bertha but neither Bradley nor his wife were made parties to this action. Incidentally, Mr. Bradley died after the trial of the companion case and by agreement the testimony he gave with reference to the Greene County conveyances was partially read upon the trial of this case. The companion case was decided by the trial court after hearing all the parties, while in this case the trial court sustained an oral motion to dismiss the plaintiffs' cause of action at the close of the plaintiffs' evidence. V.A. M.S. §§ 510.140, 510.280; Rigg v. Hart, Mo., 255 S.W.2d 778.

As indicated and as specifically claimed by the appellants, "The only issue in this case is, was there a valid transfer by deed of the land from the Stoops to Bradley." Thus, the issues upon this appeal are further limited to a consideration of that deed and the appellants' claim that it was void for lack of consideration and lack of delivery. There is no dispute between the parties as to the rules governing the delivery of deeds and it is not necessary, therefore, to set forth the rules, they are sufficiently indicated in the following cases: Jones v. Jefferson, 334 Mo. 606, 66 S.W.2d 555; Dallas v. McNutt, 297 Mo. 535, 249 S.W. 35; Chambers v. Chambers, 227 Mo. 262, 127 S.W. 86. Admittedly, there was no consideration for the deed from I. E. and Lucy to Bradley, but in the absence of some other compelling circumstance that fact in and of itself is not a sufficient reason for setting the deed aside, a voluntary conveyance is valid as between the immediate parties. Binnion v. Clark, 359 Mo. 202,

208, 221 S.W.2d 214, 217. If in addition to no consideration there was cogent, convincing evidence, Chambers v. Chambers, supra, that the grantors, I. E. and Lucy, made the deed to Bradley and there was no intention at the time to effectively transfer the title to the property, or to make a gift of it, as was the fact in Cook v. Branine, 341 Mo. 273, 107 S.W.2d 28, we would be confronted with a different situation and problem.

But here, to prove the lack of intention to deliver, or to defeat delivery, the plaintiffs offered as witnesses Lucy and one of the plaintiff sons, Floyd. In so far as these witnesses attempted to testify to conversations between I. E. and Lucy concerning the execution of the deed, or the circumstances in which Lucy executed the deed, or her "understanding that you was conveying the title to anyone," the court excluded the testimony because I. E. was dead and the witnesses were therefore disqualified under the dead man's statute, V.A.M.S., § 491.010. In this, the appellants claim that the trial court was in error. But in this case, as it was ruled in the companion case, Lucy was not a competent witness concerning the matters sought to be elicited. Stoops v. Stoops, Mo., 259 S.W.2d, loc. cit. 834; Cloves v. Cloves, Mo., 239 S.W. 145; Davis v. Wood, 161 Mo. 17, 61 S.W. 695. In Meador v. Ward, 303 Mo. 176, 260 S.W. 106, it was held that as to the wife's separate property there was delivery of the deed, and, as to the wife's competency as a witness, the case is explicitly limited to the husband's land in which the wife had no interest at the time of the conveyance. Originally Floyd's claim as a party plaintiff was derived solely from his father and now, by reason of the quitclaim deed, his claim is also derived from his mother and he likewise was not a competent witness by reason of the statute. Sutorius v. Mayor, 350 Mo. 1235, 170 S.W. 2d 387, 171 S.W.2d 69; Baker v. Baker, 363 Mo. 318, 251 S.W.2d 31, 33 A.L.R.2d 1431; Bussen v. Del Commune, 239 Mo. App. 859, 199 S.W.2d 13.

Thus the essential facts upon which this case must be determined are that in 1946 I. E. and Lucy owned the land in Dallas County as tenants by the entirety and I. E., fearful of the consequences of possible litigation, caused a lawyer to prepare a deed conveying the land to O. S. Bradley. Lucy and I. E. signed and acknowledged the deed and I. E. caused it to recorded and in a few days informed Bradley of the fact. As stated, the appellants have limited their claim upon this appeal to that deed and we are not concerned with the fact of the divorce, I. E.'s subsequent management and control of the property or with the circumstances in which Bradley conveyed the property to I. E. and Bertha as tenants by the entirety in 1948. While not conclusive, the fact that the deed was signed and acknowledged by I. E. and Lucy and recorded by I. E. is a circumstance indicative of an intention to deliver as an effective conveyance. Jones v. Jefferson, supra. The inference and the fact of delivery is further indicated by the circumstance that the conveyance was made in contemplation and avoidance of the consequences of possible litigation. Sutorius v. Mayor, supra; Chambers v. Chambers, supra. In the face of these persuasive but not conclusive circumstances, the resolving, determinative factor upon this appeal is that the appellants failed to sustain their burden of adducing cogent, convincing evidence from which it was a fair inference that there was no delivery of the deed from I. E. and Lucy Stoops to Mr. Bradley. Sutorius v. Mayor, supra; Stoops v. Stoops, Mo., 259 S.W.2d, loc. cit. 834; Chambers v. Chambers, supra; Jones v. Jefferson, supra. Accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

ELLISON, P. J., LEEDY, J., and DEW, Special Judge, concur.