**Howard JACOBSMEYER, Appellant,**

v.

**NATIONAL EMERGENCY DISASTER CORPORATION, et al., Respondents.**

**No. 47631.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1984.

Rehearing Denied Sept. 11, 1984.

Eugene E. Coon, Jr., Clayton, for appellant.

James S. Haupt, St. Louis, for Laurice Kercheval.

National Emergency Disaster, pro se.

REINHARD, Judge.

Plaintiff filed suit for breach of contract, intentional tort, and cancellation and rescission of documents against National Emergency Disaster Corp., Bobby J. Kercheval, and Laurice R. Kercheval, his wife. Bobby J. Kercheval was the registered agent for the corporation. All three defendants were served with process. On November 18, 1982, plaintiff was granted a default and inquiry. The default hearing was set for December 13, 1982. A notice of the default and inquiry was forwarded to all of the defendants. At plaintiff's request, the default hearing was reset for January 17, 1983. All the defendants were sent a notice of the rescheduled hearing. On January 17, 1983, the default hearing was conducted. None of the defendants appeared in person or by representative. The court entered judgment against all three defendants on count three of plaintiff's petition in the amount of $31,200.00 plus costs.

In mid-July, defendant Bobby J. Kercheval, in his own behalf, filed an application for a writ of error coram nobis. A hearing was held on July 29, 1983. Defendant Bobby Kercheval was the only witness at the hearing. Defendant testified that he had been served with a summons and copy of the petition. He then hired an attorney to represent the defendants. The attorney advised him he would take care of matters and file an answer in defendants' behalf. Defendant Bobby J. Kercheval testified that he received the notice of the default and inquiry in the mail and that he had turned both notices over to his attorney. His attorney continued to advise him the hearing had been rescheduled and he would contact defendants with the new date. In March defendant went to the attorney's office to check on the status of this case.

The attorney again advised him that the case had not been heard and the attorney would be notifying defendants of the hearing date. Defendant first became aware of the default judgment in June, 1983 when he received notice of an execution on his house. At that time, he called the clerk of the court to inquire and was then informed of the default judgment. Prior to this, defendant had made no attempt to check the court records.

After hearing defendant's testimony, the court granted defendant's request and set aside the default judgment. It is from that order that plaintiff appeals.[1]

In *Diekmann v. Associates Discount Corporation*, 410 S.W.2d 695, 700 (Mo. App.1966), the court stated:

> Our procedural arsenal holds six weapons designed to bring down a final default judgment: a separate suit in equity, a statutory petition for review, a nunc pro tunc order, a motion in the nature of a writ of coram nobis, a motion showing fraud practiced on the court, and a motion showing irregularity on the face of the record.

In the case before us, defendant has attempted to avail himself of one of the recognized methods for relief from a default judgment. However the circumstances do not warrant relief under a writ of error coram nobis, therefore the judgment of the trial court must be reversed.

Circumstances similar to this case were presented to the Supreme Court in *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132 (banc 1952). There, plaintiff had filed a suit to set aside a foreclosure sale held under a deed of trust. Summons had been served upon defendant, who failed to file any pleadings within the time required. A default judgment was entered against the defendant. Subsequently, a motion to vacate and set aside the default judgment was filed. The court considered the motion as a writ of coram nobis. The allegations in the motion were the same as those we are considering here, that is, after being served with summons, defendant employed counsel to enter his appearance and file the necessary pleadings. Inadvertently, his lawyer failed to file an answer, although he had assured defendant he would do so. Unlike the case presently before us, no notice was sent directly to defendant advising him of the hearings. The Supreme Court noted that the purpose of the writ of error coram nobis is to direct the attention of the trial court to errors of fact which are not apparent upon the record in the case. They must be facts which were unknown to the court and the applicant, and which could not have been known to the applicant by the exercise of due diligence. The facts must go directly to the court's right to proceed, and which if known to the court would have prevented the entry of judgment. The Court emphasized that:

> The writ will not lie for the purpose of bringing to the attention of the court "some unknown fact going to the merits of the cause, but for some unknown fact going to the right of the court to proceed, and which entirely defeats the power of the court to attain a valid result in the proceedings." [citations omitted].

245 S.W.2d at 141.

The court, in reversing the trial court's judgment, stated:

> Respondent was diligent in employing counsel to represent him in the instant case. His choice of counsel was, apparently, unfortunate since no steps were taken by his attorney to file a pleading or to prevent the taking of a default judgment against respondent. There has been no explanation of the failure of respondent's lawyer to protect his interests nor any suggestion that the lawyer's neglect was excusable. It is the general rule that the negligence of counsel is imputable to his client, [citation omitted] and this rule has been followed consist-

1. Defendant has filed a motion to dismiss for failure to comply with Rule 84.05. Motion de-

nied.

ently in Missouri. [citations omitted]. It follows, then, that respondent is chargeable with the negligence of his lawyer in permitting the default judgment to be entered and such negligence will not authorize the vacation of such judgment upon a writ of error coram nobis.

245 S.W.2d at 142.

We are governed by *Casper* and compelled to reverse the judgment of the trial court. Judgment reversed.

KAROHL, P.J., and CRANDALL, J., concur.

## ON MOTION FOR REHEARING

PER CURIAM:

Defendants, in their motion for rehearing, cite *Jackson v. Wheeler*, 567 S.W.2d 363 (Mo.App.1978), *Farrell v. DeClue*, 365 S.W.2d 68, 71 (Mo.App.1963), and *Bussiere's Admin. v. Sayman*, 257 Mo. 303, 165 S.W. 796 (banc 1914) for the proposition that there is no appeal from the granting of a motion to set aside a default judgment. They assert these cases conflict with *Casper v. Lee*, the principal case on which we have relied. There is no conflict. Neither *Farrel, DeClue* nor *Bussiere's Admin.* involved the appeal from the granting of a writ of error coram nobis. In *Farrel*, this court specifically pointed out:

> [T]his is not a case ... in which defendants' motion partook of the nature of a writ of error coram nobis, or a proceeding for a review because of errors patent on the record. Different rules, not applicable here, apply to such situations. *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132; *Kallash v. Kuelker*, Mo.App. 347 S.W.2d 467; *Owens v. Owens*, Mo.App. 280 S.W.2d 867.

365 S.W.2d at 71.

The Court in *Jackson v. Wheeler*, 567 S.W.2d 363, 367–68 noted a similar distinction.

Motion for rehearing denied.